**Lugardo VILLARREAL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–92–254–CR.**

Court of Appeals of Texas,
Waco.

Aug. 4, 1993.

Kathryn J. Gilliam, Waco, for appellant.

John W. Segrest, Crim. Dist. Atty., Dan R. Mosley, Asst. Dist. Atty., Waco, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

CUMMINGS, Justice.

Lugardo Villarreal was convicted of aggravated sexual assault and sentenced to twenty-five years imprisonment. Villarreal raises four points of error on appeal. Points one and two relate to arguments made by the prosecution during the punishment phase, and points three and four relate to the prosecutor's argument during the guilt-innocence phase. Holding that the trial court erred in denying Villarreal's motion for mistrial during the punishment phase, but finding no error in the guilt-innocence phase, we reverse the judgment on punishment and remand the cause to the trial court for a new trial on punishment.

■ This court analyzed the law on improper jury argument and resulting error in *Washington v. State*, 822 S.W.2d 110, 117–121 (Tex.App.—Waco 1991), *rev'd on other grounds*, 856 S.W.2d 184 (Tex.Crim.App. 1993). Proper jury argument must fall within one of the following categories: (1) a summation of the evidence, (2) a reasonable deduction from the evidence, (3) an answer to argument of opposing counsel, or (4) a plea

for law enforcement. *Alejandro v. State*, 493 S.W.2d 230, 231 (Tex.Crim.App.1973). All other arguments are improper. *Washington*, 822 S.W.2d at 117.

■ When the court overrules an objection to improper jury argument, error results, and a harm analysis must proceed under Rule 81(b)(2). Tex.R.App.P. 81(b)(2). When, however, the argument is improper and the objection sustained, the court should grant a request to instruct the jury to disregard the improper argument. *Washington*, 822 S.W.2d at 118. If an instruction is given but a motion for mistrial is denied, error results only when the argument is extreme, manifestly improper, injects new or harmful facts into the case, or violates a mandatory statutory provision and was thus so inflammatory that its prejudicial effect could not reasonably be removed from the minds of the jury by the instruction given. *Id.*

■ Villarreal's first point of error maintains that the trial court erred in overruling his motion for mistrial following an improper argument by the prosecutor during the punishment phase of the trial. During the closing argument, the prosecutor stated, "This man [Villarreal] made a conscious decision to rape a ten-year-old child. But he didn't do it just once. He forced her to have to come into this courtroom in front of a bunch of strangers—." At this point defense counsel objected. The trial court sustained the objection and instructed the jury to disregard the argument for any purpose, but overruled the defendant's motion for mistrial.

■ The right to a jury trial is guaranteed under the Sixth and Fourteenth Amendments. Villarreal had every right to invoke his Sixth Amendment right to jury trial and his right to confront the witnesses against him. A penalty cannot be imposed for the exercise of a constitutional right. *See Spevack v. Klein*, 385 U.S. 511, 515, 87 S.Ct. 625, 628, 17 L.Ed.2d 574 (1967). Therefore, the comments made by the prosecutor were not permissible under *Alejandro*, 493 S.W.2d at 231. Testifying as a witness is the responsibility of every citizen, regardless of the odious nature of the evidence. To equate the fulfillment of this responsibility with being

subject to rape is the type of argument that should be considered extreme and manifestly improper and thus so inflammatory that its prejudicial effect could not reasonably be removed from the minds of the jurors by the instruction given. *See Washington v. State*, 822 S.W.2d at 118. As a result, the trial court erred in denying Villarreal's motion for mistrial.

■ On reviewing the entire record, we cannot determine beyond a reasonable doubt that the error in denying Villarreal's motion for mistrial made no contribution to the punishment. *See* Tex.R.App.P. 81(b)(2). Therefore, we reverse the judgment of the trial court and remand the cause for a new trial on punishment. *See* Tex.Code Crim.Proc. Ann. art. 44.29(b) (Vernon Supp.1991). Because we hold in favor of Villarreal on point of error one, we do not reach his second point of error.

■ Villarreal's third point of error alleges that the trial court erred in overruling his objection to comments made by the prosecutor during the guilt-innocence stage: "Mr. Garvey spent a great deal of time during voir dire talking about sympathy. We didn't come in here asking for sympathy. The criminal justice system does not care about sympathy. If it did it wouldn't require a child to come into the court in front of strangers." Villarreal's objection was overruled by the trial court. It would be impermissible to inject statements of opinion under *Alejandro*, 493 S.W.2d at 291. However, the statements made by the prosecutor in this case were made in response to comments made by defense counsel during voir dire. When taken in context, this argument is clearly the type of response considered proper under *Alejandro*. Therefore, we overrule point of error three.

■ In point four, Villarreal complains that the prosecution struck at him "over the shoulders" of his defense attorney and the trial court erred in overruling his objection to such an argument. The courts have shown a special concern for final arguments that constitute uninvited and unsubstantiated accusations of improper conduct directed at a defendant's attorney. *Gomez v.*

*State,* 704 S.W.2d 770, 771 (Tex.Crim.App. 1985). Counsel is permitted to attack the argument of opposing counsel but may not attack the attorney's personal integrity. *Bonner v. State,* 820 S.W.2d 25, 28 (Tex. App.—Houston [14th Dist.] 1991, pet. ref'd). In this case the prosecutor argued, "You know, if a child comes in here and testifies and gets the details perfect, if [the two sisters'] testimony had been mirror images of each other, what would [defense counsel] be saying?" Following an overruled objection by defendant, the prosecutor continued, ". . . he would be saying they made it up . . . ." This argument did not strike at Villarreal over the shoulders of counsel. There was no attack on the integrity of defense counsel, only preemptive speculation on what argument he might have made had the testimony of the witnesses been wholly without contradiction. These comments were not calculated to harm Villarreal by attacking the personal integrity of his attorney. Thus, the argument was proper as a response to defense counsel's argument that contradictions in the details recited by the two sisters destroyed the credibility of their testimony. As a result, no error occurred when the trial court overruled the objection. Point of error four is overruled.

We affirm the judgment of conviction, but reverse the judgment on punishment and remand the cause for new trial on punishment.

THOMAS, C.J., dissents and files opinion.

THOMAS, Chief Justice, dissenting.

I disagree with the disposition of point one.

That the judicial process itself can emotionally traumatize children who are the victims of sexual assault is within the realm of common knowledge. Their natural vulnerability, reticence, and sensitivity makes that conclusion self-evident. Assuming, however, that the prosecutor's hyperbole—i.e., comparing the child-victim's emotional trauma from testifying in court to another act of rape by the defendant—is beyond the bounds of permissible argument, the question is whether the denial of Villarreal's motion for a mistrial is error. *See Washington v. State,* 822 S.W.2d 110, 118 (Tex.App.—Waco 1991), *rev'd on other grounds,* 856 S.W.2d 184 (Tex. Crim.App.1993). Whether the court acted properly depends upon the efficacy of the curative instruction. Did it remove the prejudicial effect of the improper argument? *See Hernandez v. State,* 819 S.W.2d 806, 820 (Tex.Crim.App.1991). If it did, then there is no error in denying the mistrial, and no harm analysis is required. *See id.*

Ordinarily, an instruction to disregard will cure the harm from improper argument. *Anderson v. State,* 633 S.W.2d 851, 855 (Tex. Crim.App.1982). In this particular instance, however, the majority holds that the argument is so extreme and manifestly improper, and thus so inflammatory, that the instruction did not erase its prejudicial effect on the punishment verdict. *See Hernandez,* 819 S.W.2d at 820. This is the precise point of my disagreement.

Unlike the constitutional right to remain silent, which is shielded from prosecutorial comment by a mandatory statute, the constitutional right to a jury trial enjoys no such protection. *See* TEX.CODE CRIM.PROC.ANN. art. 38.08 (Vernon 1979). Nor did the prosecutor's argument inject new facts into the case. Instead, the only reason given for holding the instruction ineffective is the following: "Testifying as a witness is the responsibility of every citizen, regardless of the odious nature of the evidence. To equate the fulfillment of this responsibility with being subject to rape is the type of argument that should be considered extreme and manifestly improper and thus so inflammatory that its prejudicial effect could not reasonably be removed from the minds of the jurors by the instruction given."

Apparently after only 35 minutes of deliberation, the jury convicted Villarreal of the aggravated sexual assault of a 9–year–old girl. Because he had no prior criminal record, the punishment on this first-degree felony ranged from 5 years to 99 years or life, plus a fine. *See* TEX.PENAL CODE ANN. § 12.32 (Vernon Supp.1993). Acting solely on the evidence produced during the guilt-innocence phase, the jury assessed punishment at 25 years in prison.

The majority does not point to anything in the record indicating that the instruction was ineffective. To the contrary, that the jury heeded the court's instruction to disregard is best illustrated by the punishment verdict itself. It is measured to the evidence and certainly not excessive. Only if the 25-year sentence is excessive can one reasonably and fairly say that the instruction to disregard was fruitless. To find the punishment excessive under the facts of this case simply ignores the reality of the record and the common-sense view of the evidence by the jury.

Therefore, I disagree with the majority holding that the curative instruction was ineffective. As a result, I also disagree with their finding of error from the denial of the motion for a mistrial. I would hold that there is no error. Without error, no harm analysis is necessary. *See* TEX.R.APP.P. 81(b)(2). Agreeing with the balance of the majority opinion, I would affirm Villarreal's conviction. For these reasons I dissent.