In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-01-00933-CR

____________


JOHNNY RICHARDS, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 184th District Court 

Harris County, Texas

Trial Court Cause No. 832834






O P I N I O N


 A jury found appellant, Johnny Richards, guilty of aggravated robbery and
assessed punishment at life in prison after finding true allegations of prior convictions
for burglary of a building and robbery. In three points of error, appellant contends
the prosecutor made improper jury arguments and the trial court imposed an unlawful
sentence when it cumulated appellant's sentence with a sentence for which appellant
was on parole. We affirm.

Facts

 Appellant robbed a Chevron gas station on two occasions. The first robbery
occurred on September 8, 1999, when Wilma Southern, the manager, and Anita
Lewis, the assistant manager, were working at the station. Appellant entered the
station and placed a short, rusty, double-barreled shotgun on the counter. Appellant
threw a bag at Southern and demanded that she open the register and give him the
money. Lewis placed $100 in the bag. Appellant then took the bag and walked out
of the store. He left in a burgundy Ford Probe with the license plate partially covered
by a paper towel. 

 Southern and Lewis called the police and described appellant as a black male
wearing sunglasses and a cap, with a scar on his forehead, big lips, and a medium
afro. They also gave the police the partial license plate number. Two surveillance
tapes captured the robbery. 

 Appellant robbed the same Chevron station again on September 12, 1999. 
Lewis was there with her niece, Demetrius Lewis, who was also an employee of
Chevron at the time. This robbery was similar to the first robbery. Appellant had
on gloves, sunglasses, and a hat. Anita Lewis, Demetrius Lewis, and Wilma Southern
all identified appellant in a lineup. 

Jury Argument

 In his first and second points of error, appellant contends that the trial court
erred by denying appellant's motion for mistrial after the prosecutor made certain
arguments regarding the State's witnesses' having to undergo cross-examination by
the defense. Appellant contends, in his second point of error, that the trial court erred
by overruling his objection to the prosecutor's jury argument allegedly commenting
on appellant's right to trial by jury. 

 Permissible jury argument falls within one of four categories: (1) summation
of the evidence; (2) reasonable deductions from the evidence; (3) pleas for law
enforcement; and (4) response to opposing counsel. Felder v. State, 848 S.W.2d 85,
94-95 (Tex. Crim. App. 1992). We review a trial court's denial of a mistrial for abuse
of discretion. Ladd v. State, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999).

 The prosecutor made the following argument in the opening portion of his
closing statement:

 The State: Reference will be made, I'm sure, to the surveillance
video, to the still photos of that surveillance camera. And
I wish that video and those photos were clearer for you, but
they are not. . . . The video and the photos alone don't
answer the question for you. If they did, we wouldn't have
to bring witnesses in front of you. We wouldn't have to
drag Anita Lewis and Wilma Southern down here to testify. 
We wouldn't need it.


 Defense counsel responded with the following argument in his closing
statement:

 Defense: Talk about how difficult it is for them to come down
here, believing that this man is on trial; and he is the one
who robbed them that day. And to sit here--and it doesn't
take, I don't think, a rocket scientist to figure out who they
are supposed to point to when we sit here. We talked about
that during jury selection. We couldn't go through the
whole process and bring them down here in front of you,
they were going to say, "Well, I don't see the person in the
courtroom." Who are they going to pick, Mr. Ramirez? 
Mr. Osso? If you eliminate us, who is left? Don't be
swayed by the in-court identification because it really--if
you think about the mechanics behind it, it's not that
significant. 


 And then I want you to question and look at the
identification, the process of the identification, and ask
yourselves, you know, are these people credible? Is this a
--are these sound identifications? And let's talk about that
for a moment. . . . 


. . .


 This woman [Demetrius Lewis], for whatever her
motive was or however she came up with a positive
identification, an identification of my client, you know, her
testimony ended in a bold faced [sic] lie. . . .


. . .


 So, how much credibility can you give her [Wilma
Southern's] testimony? Here is another person who will
come up here and basically lie to you in hopes that she can
persuade you that you should convict this man because that
is what it is. . . . 


. . .


 . . . Because I will submit to you that these people didn't
remember much of anything. Anything that I asked them
about they couldn't recall, except that that's the man that
robbed me. If that's not learned--a learned response, then
you tell me what is. . . .


 Shortly thereafter, the prosecutor began rebuttal to defense counsel's closing
argument:

 The State: I don't know why he [defense counsel] wants you to
assume that the eyewitness identifications in this case are
--that they're liars, that they are not credible. Who are
these people? These are ordinary salt of the earth folks
working in that convenience store trying to earn a living. 
You know, they are not lawyers. They don't have
postgraduate degrees. They are not rocket scientists. They
are just people earning minimum wage in a convenience
store. And unfortunately, that is a hazardous occupation in
Houston because people like Johnny Richards who don't
want to show up to work might come in with a shotgun and
point it at you and demand the money in the register. And
then, after that happens, we got to go to court; and they
come into court and they get scared and hung out to dry on
the witness stand.


 Defense: Your Honor, I object to his references. My client has a
constitutional right to cross-examine his accuser.


 The Court: Sustained.

 

 Defense: And I ask that the jury be instructed to disregard that
comment.

 

 The Court: Thank you. Please disregard the last comment.


 Defense: I move for a mistrial at this time, Your Honor.


 The Court: Consider the last comment for no purpose. Your request
for a mistrial is denied.


 The State: You know, I wouldn't blame you one bit if you thought
that, but for the grace of God go I. To have to come into
court after being robbed at gunpoint with a shotgun and
have to submit to what they have to submit to.

 

 Defense: Your Honor, here again, improper comments on my
client's right to a trial by jury.


 The Court: Overruled.

 

 Appellant contends the prosecutor sought to prejudice the jury by attacking him
for exercising his right to trial by jury and to confront witnesses. Defense counsel,
however, had attacked the credibility of the witnesses, and the prosecutor responded. 
A response to opposing counsel's argument is an appropriate jury argument. See
Felder, 848 S.W.2d at 94-95. Moreover, a defendant cannot complain of improper
prosecutorial argument if he invited the argument. Ripkowski v. State, 61 S.W.3d
378, 393 (Tex. Crim. App. 2001). 

 Appellant cites Villarreal v. State for the proposition that a prosecutor cannot
prejudice the jury by attacking a defendant's exercise of his right to trial by jury and
to confront witnesses. See id.; 860 S.W.2d 647, 649 (Tex. App.--Waco 1993, no
pet.). The court in Villareal held the prosecutor made an improper jury argument
when he equated bringing the rape victim into a courtroom full of strangers with
subjecting her to rape a second time. Id. Although appellant compares the argument
in Villareal to the statements at issue here, this portion of Villareal is inapplicable
because the Villareal prosecutor was not specifically responding to argument invited
by defense counsel when he made this comment. See id. In a later portion of
Villareal, the prosecutor made an argument more analogous to the statements at issue
in this case: "The criminal justice system does not care about sympathy. If it did it
wouldn't require a child to come into the court in front of strangers." Id. The
Villareal court held these statements made by the prosecutor were made in response
to comments made by defense counsel during voir dire and, when taken in context,
constituted a proper response to defense counsel's argument. Id. 

 We hold the trial court did not abuse its discretion by denying appellant's
motion for mistrial and then overruling his objection. We overrule appellant's first
and second points of error.

Cumulated Sentence

 In his third point of error, appellant contends the trial court imposed an
unlawful sentence when it cumulated appellant's sentence in this cause with a
sentence for which appellant was on parole. Appellant argues that parole causes the
prior sentence to "cease to operate" because appellant was not an inmate at the time
the current offense was committed and that, under article 42.08(a), his subsequent
sentence cannot be cumulated. See Tex. Code Crim. Proc. Ann. art. 42.08(a)
(Vernon Supp. 2002). 

 Appellant cites Ex Parte Kuester to define "cease to operate." See id., 21
S.W.3d 264, 270 (Tex. Crim. App. 2000). In Kuester, however, the term "cease to
operate" was construed to determine when the former sentence was completed for the
purpose of deciding when the cumulated sentence began. Id. at 271. The court did
not hold that, when a prisoner is on parole, the sentence "ceased to operate" or that
a later sentence could not be cumulated upon a sentence for which he was on parole. 
Moreover, several courts have held that the trial court has authority to order the
cumulation of sentences when a defendant is on parole. See Wilson v. State, 854
S.W.2d 270, 273 (Tex. App.--Amarillo 1993, pet. ref'd); Carpenter v. State, 828
S.W.2d 441, 442 (Tex. App.--Austin 1992, no pet.); Jimenez v. State, 634 S.W.2d
879, 881-82 (Tex. App.--San Antonio 1982, pet. ref'd). 

 Accordingly, we hold the trial court did not abuse its discretion when it
cumulated appellant's sentence. We overrule appellant's third point of error.

Conclusion

 We affirm the judgment of the trial court.




 Tim Taft

 Justice


Panel consists of Justices Taft, Alcala, and Price. (1)

Do not publish. Tex. R. App. P. 47.4.
1.