MARY'S OPINION HEADING 






                                                                                    NO. 12-03-00229-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
WILLIE EARL ELLIS,                                      §                 APPEAL FROM THE 367TH
APPELLANT
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §                 DENTON COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            After the jury was seated, Appellant pleaded guilty to the offense of felony driving while
intoxicated and true to the two enhancement paragraphs alleging prior convictions for murder
without malice and aggravated assault. The jury assessed his punishment at imprisonment for thirty-six years and a $10,000 fine. In two issues presented, Appellant contends the trial court erred in
overruling his objection to the prosecutor’s jury argument. We affirm.
 
Background
            Stephen Kubicki noticed Appellant driving very erratically in an old green pickup truck and
began following him. He observed Appellant’s truck weaving from side to side crossing several
lanes of traffic with its emergency lights flashing. As he followed Appellant, he telephoned the
police and began reporting his observations. Kubicki trailed Appellant for many miles on various
highways, at one point observing Appellant sideswipe a wall. Lewisville Police Officer Trueblood
responded to Kubicki’s call and stopped Appellant’s pickup. Officer Gonzales of the Coppell Police
Department arrived shortly thereafter. Appellant’s eyes were glassy and bloodshot, his speech was
slurred, and his breath smelled of an alcoholic beverage. He failed various field sobriety tests. 
Officer Gonzales determined Appellant was intoxicated and arrested him.
            Kubicki testified at trial about what he had observed while he followed Appellant’s vehicle. 
He also related to the jury the details of his 9-1-1 call to the police and how he continued to follow
Appellant and to relay information to the dispatcher. On cross-examination, Appellant’s attorney
challenged the reliability of Kubicki’s testimony by raising inconsistencies in his testimony and
questioning his motive in testifying. In his closing argument, Appellant’s attorney suggested
Kubicki’s story was exaggerated.
Jury Argument
            In his first issue, Appellant complains “[t]hat the trial court erred in allowing the State to
make the improper jury argument that defense counsel attacked the State’s witness.” In his second
issue, Appellant insists that the trial court committed constitutional error in permitting this argument.
Applicable Law
            Proper jury argument is limited to (1) a summation of the evidence, (2) a reasonable
deduction from the evidence, (3) an answer to argument of opposing counsel, and (4) a plea for law
enforcement. Alejandro v. State, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).
            In closing argument, the prosecutor argued as follows:
 
              Mr. Kubicki was there, and he saw it with his own eyes. And you know what? He took it
seriously, seriously enough to call 911, took it seriously enough to stick it through to the end and
follow him for 20 minutes. . . .
 
And you know what? He didn’t just stop there. He came into court today and faced attack
on cross-examination. He was attacked by defense counsel –


            At this point, Appellant’s counsel interjected the following objection: 
 
I’m going to object to that as a pejorative argument. Your Honor, that I attacked him by
cross-examination.
 


The court overruled the objection, and the prosecutor continued her argument as follows:
 
You can judge for yourself. You heard him testify, and you heard cross-examination. Ladies
and gentlemen, this man did his community a great service by sticking around, writing out his witness
statement, and coming here to court today and inconveniencing himself, making himself uncomfortable
and subject to cross-examination. . . .


            Appellant complains on appeal that this argument was improper for two reasons: first,
because it implied that Appellant’s counsel acted improperly in representing his client and therefore
the argument was an attempt to strike at Appellant over the shoulders of his attorney; and second,
because the argument was outside the record and implied that the jury should measure Appellant’s
dangerousness by Kubicki’s perseverance in his pursuit of Appellant and in testifying at his trial. 
Finally, in his second issue, Appellant urges that the argument was an impermissible comment on
his exercise of his Sixth Amendment right to confront the witnesses against him.
Comments About Cross-Examination
            In order to preserve an issue for appeal, the complaint must be presented to the trial court “by
a timely request, objection, or motion” stating the specific grounds for the ruling sought. Tex. R.
App. P. 33.1. The objection must fairly apprise the trial judge of the nature of the complaint. Ex
parte Little, 887 S.W.2d 62, 65 (Tex. Crim. App. 1994). The objection at trial must comport with
the issue on appeal. Broxton v. State, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995).
            Appellant’s trial objection that the prosecutor’s argument was “pejorative” did not fairly
inform the trial judge of the ground of his complaint, and it does not comport with the issue
presented on appeal. Moreover, after the trial judge overruled Appellant’s objection, the prosecutor
repeated the argument without objection. When an objectionable argument is pursued following an
objection, counsel must continue to object each time the complained-of argument is made. 
Ethington v. State, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991). Because Appellant’s objection
at trial does not comport with the complaint on appeal, and because he failed to object to a
subsequent similar argument, no error was preserved.
            Even assuming error was preserved, we believe the challenged argument was not directed
at Appellant via an attack on his counsel’s tactics. Rather, it was an attempt to argue the credibility
of the State’s case and was a response to the defense argument. In our view, the prosecutor’s
argument was also a reasonable deduction from the evidence. Kubicki’s persistence in following
Appellant while providing a running report to the police is a fact from which the jury might infer the
degree of danger Appellant posed to the public before his arrest. Appellant’s first issue is overruled.
Right to Confrontation
            Appellant’s final contention that the State’s argument was an impermissible comment on his
Sixth Amendment right to confront the witnesses against him is equally without merit. 
            In the case relied upon by Appellant, Villareal v. State, 860 S.W.2d 647, 649 (Tex.
App.–Waco 1993, no pet.), the prosecutor argued that “[Villareal] made a conscious decision to rape
a ten-year-old. He forced her to have to come into this courtroom in front of a bunch of
strangers. . . .” The Waco Court of Appeals held the argument implicated the defendant’s Sixth
Amendment right to a jury trial and to confront the witnesses. Id. In contrast to the challenged
argument in the instant case, the prosecutor in Villareal clearly implied that the jury should punish
the defendant for his exercise of his right to a jury trial and to confront the witnesses against him. 
The argument here made no reference to Appellant’s right to confront the witness, and we do not
believe that a jury would interpret it as a criticism of Appellant’s exercise of that right. Appellant’s
second issue is overruled. 
 
Disposition
            The judgment of the trial court is affirmed.
 
 
 
                                                                                                    BILL BASS 
                                                                                                            Justice
 
 
Opinion delivered July 14, 2004.
Panel consisted of Worthen, C.J., Griffith, J., and Bass, Retired Justice, Twelfth Court of Appeals, Tyler, sitting by
assignment.



(DO NOT PUBLISH)