Opinion filed July 24, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed July 24,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-07-00064-CR 

                                                     __________

 

                         BOBBY
CLEOPHUS WEBSTER, JR., Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 350th District Court

 

                                                          Taylor
County, Texas

 

                                                   Trial
Court Cause No. 7800D

 



 

                                             M E M O R A
N D U M   O P I N I O N

 

The
jury found Bobby Cleophus Webster, Jr., guilty of aggravated robbery.  The
trial court assessed punishment at eight years confinement in the Texas
Department of Criminal Justice, Institutional Division.  In three points of
error, appellant argues that the trial court erred (1) in failing to grant his
request for a mistrial during jury argument, (2) in failing to quash the
venire, and (3) in failing to sustain his objection to the prosecutor giving
his personal opinion as to appellant=s
guilt during closing argument.  We affirm.

 








Background
Facts

Erica
Rios was working the 10:00 p.m. to 7:00 a.m. shift at a convenience store. 
When she started toward the front of the store, appellant appeared in front of
her holding a knife.  Appellant was wearing blue jeans, a hat, and a coat.  He
had facial hair and wore glasses.  Appellant grabbed Rios by the back of her
neck and shoved her to the front of the cash register.  Rios described the
knife as a hunting knife with a blade of four to five inches that was capable
of causing death or serious bodily injury.  At appellant=s command, Rios opened the cash register, and
appellant grabbed all of the paper money in the register.  After appellant
left, Rios called the police.

Rios
told the police officer that she had seen appellant the night before in the
store.  She had not heard the door bell go off and was surprised when appellant
Apopped up from the
candy aisle.@  She got
a good look at appellant then because he was only about a foot from her. 
Appellant was wearing the same baseball cap and glasses that he was wearing the
following night when he robbed the store.

Rios
testified that, a few days earlier, the store had been subjected to a beer
theft.  Detective Will Ford of the Abilene Police Department developed a
photographic lineup with the suspect in the beer theft.  Rios said that she did
not recognize anyone in that lineup.  Two days later, Detective Ford developed
a lineup that included appellant=s
picture and his characteristics.  Rios immediately identified appellant in the
lineup, and she later identified him in court.  

Appellant=s defense was that this was
a case of mistaken identity.  The jury, however, believed Rios and found
appellant guilty of aggravated robbery.

Appellant=s Request for Mistrial

Appellant
first argues that the trial court should have granted his motion for mistrial
when the prosecutor made the following jury argument:

She didn=t ask to be a victim.  She
didn=t ask to be
robbed.  But she was.  She did everything right.  She went and locked the
door.  She called the police.  She cooperated with the police.  She did
everything they asked her to do.  She came to court when we asked them and gets
to be rung around and victimized again basically in [the] courtroom.

 








Appellant
objected, stating that the prosecutor was striking Athe [appellant] over shoulders of counsel that
- - he=s saying that
[appellant=s counsel]
victimized her.@  The
trial court sustained the objection and instructed the jury to disregard the
prosecutor=s comment. 
The trial court then denied appellant=s
motion for a mistrial.  

When
a trial court denies a motion for mistrial, we review that denial for an abuse
of discretion. See Hawkins v. State, 135 S.W.3d 72, 76-77 (Tex. Crim.
App. 2004).  Only highly prejudicial and curable errors will necessitate a
mistrial.  Simpson v. State, 119 S.W.3d 262, 272 (Tex. Crim. App.
2003).  

Appellant
relies on Villarreal v. State, 860 S.W.2d 647 (Tex. App.CWaco 1993, no pet.), for
his contention that the prosecutor=s
argument was so extreme and manifestly improper that its prejudicial effect
could not reasonably be removed from the minds of the jurors by the instruction
to disregard.  We disagree.  In Villarreal, the prosecutor stated in his
argument that the defendant had not only raped the ten-year-old victim but had
also forced the victim to come to the courtroom to testify in front of a bunch
of strangers.  The Villarreal court held that the prosecutor=s statement attempted to
impose a penalty on the defendant=s
constitutional right to have a jury trial and to confront witnesses against
him.

In
the case before us, the prosecutor apparently was attempting to reply to
appellant=s closing
argument that Rios had been mistaken in her identity of appellant because of
the trauma of the experience and her hysteria.  Appellant=s counsel had just stated
that A[s]he=s hysterical@ and that her paranoia
caused delusional thinking.  The prosecutor was referring to the argument of
appellant=s counsel
and the ordeal of the judicial process.  See Taylor v. State, 987 S.W.2d
597, 598-600 (Tex. App.CTexarkana
1999, pet. ref=d).  A
response to opposing counsel=s
argument attacking the credibility of a witness is an appropriate jury
argument. Felder v. State, 848 S.W.2d 85, 94-95 (Tex. Crim. App. 1992). 
The prosecutor should not have made the statement as it was phrased, but the
court=s instruction to
disregard corrected the error, if it was error.  See DeBolt v. State,
604 S.W.2d 164, 169 (Tex. Crim. App. 1980).  The argument was not so extreme or
manifestly improper that appellant was deprived of a fair trial.  Appellant=s first point of error is
overruled.

Appellant=s Motion to Quash the
Venire








Appellant=s second point of error
asserts that A[t]he
trial court erred in failing to quash the venire when a potential juror stated
in the presence of the other jurors that he, a jail guard, had dealt with the
Defendant before.@ 
Appellant did not develop this argument for quashing the venire or cite any
authorities.  When an appellant raises a point of error without citation of
authorities or argument, nothing is presented for appellate review.  Garcia
v. State, 887 S.W.2d 862, 876 (Tex. Crim. App. 1994); State v.
Gonzalez, 855 S.W.2d 692, 697 (Tex. Crim. App. 1993).  Appellant has waived
this argument.  

Appellant,
however, does present a second reason for why the trial court should have
quashed the venire.  During voir dire, the prosecutor talked about inferring
intent from a party=s
actions.  At one point, appellant objected on the ground that the prosecutor
was changing the burden of proof from being beyond a reasonable doubt to AI think he meant to do [the
offense].@  The trial
court overruled appellant=s
objection.  Appellant did not move to quash the venire after his objection was
overruled.

The
record does not support appellant=s
argument that the prosecutor was attempting to mislead the venire as to the
burden of proof.  The prosecutor was explaining and giving examples of how we
infer a person=s
intent by observing their actions.  The prosecutor wanted to find out if any
members of the venire would be uncomfortable in determining Aintentionally@ and Aknowingly@ from a person=s actions.  The trial court
did not err in overruling appellant=s
objection.  A trial court has broad discretion over the process of selecting a
jury, and an appellate court will not disturb a trial court=s ruling absent an abuse of
discretion.  Barajas v. State, 93 S.W.3d 36, 38 (Tex. Crim. App. 2002). 
During voir dire, the trial court instructed the venire several times that the
State had to prove its case beyond a reasonable doubt.  The venire members
were, in effect, instructed that any inference of intent they made from a
person=s actions would
have to be beyond a reasonable doubt.  Appellant=s
second point of error is overruled.

Appellant=s Objection that the
Prosecutor Gave his Personal Opinion on Guilt

In
appellant=s third
point of error, he contends that the trial court erred in failing to sustain
his objection when the prosecutor gave his personal opinion as to appellant=s guilt.  Appellant refers
to the prosecutor=s
final argument to the jury when the prosecutor stated, AAnd I believe what we have today is an
aggravated robbery.@ 
We disagree with appellant=s
contention.








The
prosecutor was reviewing the charge and the various elements required for the
offenses of theft, robbery, and aggravated robbery.  After talking about the
elements of each, the prosecutor then stated, AAnd
I believe what we have today is an aggravated robbery.  You are going to get a
charge - - @ At that
point, appellant expressed his objection, which the trial court overruled.         The
prosecutor=s statement
was a reasonable inference from the evidence that had been presented.  Rios
testified that appellant was holding a knife when he threatened her and robbed
the store.  Prosecutors and defense counsel may argue all inferences that are
fairly, reasonably, and legitimately drawn from the facts in evidence.  Griffin
v. State, 554 S.W.2d 688, 690 (Tex. Crim. App. 1977).  Appellant=s third point of error is
overruled.

This
Court=s Ruling

The
judgment of the trial court is affirmed.

 

 

TERRY McCALL

JUSTICE

July 24, 2008

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.