Affirmed and Memorandum Opinion filed May 18, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-08-00927-CR

___________________

 

Ira Monroe Hendon, Appellant

 

V.

 

The State of Texas, Appellee



 



 

On
Appeal from the 212th District Court

Galveston County,
Texas



Trial Court Cause No. 06CR1590

 



 

 

MEMORANDUM OPINION

            Appellant, Ira Monroe Hendon, was charged with sexual
assault of the complainant, A. A.  Tex. Penal Code Ann. § 22.011 (Vernon Supp. 2009). 
The jury found appellant guilty and sentenced him to two years’ confinement in
the Institutional Division of the Texas Department of Criminal Justice. 
Appellant now challenges this conviction on appeal.  We affirm.

Factual and Procedural Background

            The
complainant first met appellant when he served as a substitute teacher for her
fourth grade class.  Over the years, the complainant and appellant, who are
both deaf, became close friends.  According to the complainant, the two met for
dinner and drinks on several occasions prior to the incident at issue in this
appeal.

            On
March 6, 2006, the complainant and appellant met at a restaurant for drinks and
they stayed until the restaurant closed at 2:00 a.m.  When they left the
restaurant, they got into appellant’s truck and drove to a park in League City,
Texas.  Appellant testified that she refused to have sex with appellant, but he
then forced himself upon her inside appellant’s truck.  The complainant
struggled with appellant and appellant put his hand on her throat.  According
to complainant, appellant then calmed down and asked her not to tell anyone he
had tried to hurt her.  The complainant then told appellant she needed to use
the restroom.  After initially refusing to let the complainant go, appellant
relented and allowed her to go if she was quick.  The complainant got out of
appellant’s truck and began running.  Appellant chased and eventually caught up
with complainant.  Appellant hit the complainant, knocking her down.  Appellant
then pulled off the complainant’s pants and underwear and started having sex
with her.  When appellant struggled and tried to close her legs, appellant
became angry and started choking her.  Appellant stopped his assault only when
a car came by and two men got out of the car.  The complainant eventually got
into the car with the two men.

            Elizabeth
Guisti, a Sexual Assault Nurse Examiner, performed a rape examination on the
complainant.  Guisti testified that complainant was menstruating and her tampon
was present during the assault.  Guisti collected the tampon and submitted it
as evidence with the rape kit.  Pamela Mikulcik, a Department of Public Safety
forensic scientist, testified that she performed an apparent blood and semen
test on complainant’s tampon and found about thirty sperm, which she compared
to appellant’s DNA sample.  Mikulcik then testified that appellant could not be
excluded as the contributor and that if appellant did not leave the DNA on the
tampon, the probability would essentially be 1 in 26.626 trillion that his DNA
would match that found on the complainant’s tampon.

            The
jury found appellant guilty and sentenced him to two years’ confinement in the
Institutional Division of the Texas Department of Criminal Justice.  This
appeal followed.

Discussion

            In
both of his issues on appeal, appellant contends the State engaged in improper
jury argument.  We address each issue in turn.

I.         Did the trial
court abuse its discretion when it denied appellant’s motion for mistrial
during the guilt/innocence phase of the trial?

            In
his first issue on appeal, appellant collectively complains of two comments
made by the State during the State’s rebuttal argument in the guilt-innocence
phase of appellant’s trial.  The State began its rebuttal argument as follows:
“[a]rguments like that is [sic] why rape victims don’t come forward.” 
Appellant objected, stating the argument went outside the record.  The trial
court sustained appellant’s objection.  Appellant then asked the trial court for
an instruction to the jury that it should disregard the statement.  However,
before the trial court could respond, appellant moved for a mistrial, which the
trial court denied.  The State then continued with its closing argument:

You saw this victim on this witness stand.  And you heard
just now, this attorney talk about how drunk she was.  How she is a mental
case.  How she has got problems.  How she has got a bad family situation.  So
she is raped two and a half years ago.  And two and a half years later she is
raped again and again.

            Appellant
objected again, stating: “Your Honor, I’m going to object to that.  My argument
was maybe . . . .”  The trial court interrupted to sustain appellant’s
objection.  Appellant then asked for an instruction to disregard, which the
trial court gave.  Appellant then moved for a mistrial, which the trial court
denied.

            According to
appellant the State’s argument was so extreme, manifestly improper, and
inflammatory that the harm could not be removed from the minds of the jury by
the trial court’s instruction to disregard and therefore the trial court erred
when it denied his motion for mistrial.  We disagree.

A.        The standard of review and applicable
law.

When the trial court sustains a defense objection to
the State’s closing argument and grants the requested instruction to disregard,
the issue is whether the trial court abused its discretion by denying the
motion for mistrial.  Newby v. State, 252 S.W.3d 431, 438 (Tex.
App.—Houston [14th Dist.] 2008, pet. ref.) (citing Hawkins v. State, 135
S.W.3d 72, 76–77 (Tex. Crim. App. 2004)).  Almost any improper argument may be
cured by an instruction to disregard.  Id.  Only in extreme
circumstances, where the prejudice is incurable, will a mistrial be required.  Hawkins,
135 S.W.3d at 77.  A mistrial is the trial court’s remedy for improper conduct
that is so prejudicial that expenditure of further time and expense would be
wasteful and futile.  Id.  The standard of review for the denial of a
motion for mistrial is abuse of discretion.  Archie v. State, 221 S.W.3d
695, 699 (Tex. Crim. App. 2007).   The reviewing court should uphold the trial
court’s ruling if it was within the zone of reasonable disagreement.  Id. (citing
Wead v. State, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004)).

Whether a mistrial should have been granted involves
most, if not all, of the considerations that attend a harm analysis.  Id.
at 700.  Therefore, a reviewing court balances the three factors first
enunciated in the case of Mosley v. State, 983 S.W.2d 249, 259 (Tex.
Crim. App. 1998): (1) the severity of the misconduct (the magnitude of the
prejudicial effect of the prosecutor’s remarks); (2) the measures adopted to
cure the misconduct (the efficacy of any cautionary instruction by the trial
judge); and (3) the certainty of conviction absent the misconduct (the strength
of the evidence supporting the conviction).  Id.  We turn now to the
balancing of the Mosley factors.

B.        The trial court did not abuse its
discretion when it denied appellant’s motion for mistrial.

  With respect to the first factor, the severity of
the misconduct, we conclude the prosecutor’s improper argument was not so severe
as to warrant a mistrial when viewed in the context of the entire trial and
appellant’s argument immediately preceding the State’s rebuttal.  During his
closing argument, appellant attacked the complainant’s credibility by pointing
out her history of prior sexual abuse, the fact she was on felony probation and
was unemployed, as well as her alleged mental and drinking problems.  The State
then responded to appellant’s attack on the complainant’s credibility by
directly addressing those issues.  A response to opposing counsel’s argument is
an appropriate jury argument.  Felder v. State, 848 S.W.2d 85, 94–95
(Tex. Crim. App. 1992).  In addition, a defendant cannot complain of improper
prosecutorial argument if he invited the argument.  Ripkowski v. State,
61 S.W.3d 378, 393 (Tex. Crim. App. 2001).

Next, we examine the measures the trial court adopted
to cure the misconduct.  Here, the trial court immediately sustained
appellant’s objection to the State’s argument and instructed the jury to
disregard.  In granting the instruction to disregard, the trial court did not
repeat the offending argument, which may have called additional attention to it
thereby compounding the impact on the jury.  We also note the prosecutor did
not repeat the offending conduct during the remainder of her argument.  While
the State’s argument that appellant’s closing argument was tantamount to subjecting
the complainant to rape a second time was improper, we conclude the trial
court’s sustaining of appellant’s objection and instruction to the jury to
disregard was sufficient to cure any harm flowing from the State’s comment.  Hawkins,
135 S.W.3d at 84.

The final factor, the certainty of conviction absent
the misconduct, also weighs against granting a mistrial.  Here, we conclude
appellant’s conviction was fairly certain.  This was not a he said/she said
sexual assault case as objective evidence from the SANE nurse and the DNA
results corroborated the complainant’s testimony that she had been the victim
of a brutal sexual assault by appellant.  In addition, there was evidence that the
jury could have relied on to conclude appellant was not credible: (1) he had lied
to the police during the investigation of the incident; and (2) he had admitted
to his mother he had assaulted someone and deserved to be punished.

Appellant’s reliance on the case of Villareal v.
State does not change our conclusion.  Villareal v. State, 860
S.W.2d 647 (Tex. App.—Waco 1993, no pet.).  In Villareal the Waco Court
of Appeals held the prosecutor made an improper jury argument when he equated
bringing the rape victim into a courtroom full of strangers to testify was
tantamount to subjecting her to rape a second time.  Id. at 649.  We do
not find Villareal persuasive for several reasons.  First, we note that Villareal
does not represent binding authority for this court.  Second, Villareal was
decided before Hawkins and Archie and therefore the Villareal
court did not reach its conclusion by balancing the Mosley factors. 
Finally, we conclude Villareal is factually distinguishable for two
reasons.  First, Villareal addressed improper jury argument by the
prosecutor during the punishment phase of the trial, while appellant’s first
issue addresses allegedly improper argument during the guilt/innocence phase of
the trial.  Second, the prosecutor in Villareal was not responding to
argument invited by the defense counsel as was the case here.  

We conclude that the trial court did not abuse its
discretion when it overruled appellant’s motion for mistrial.  Therefore, we
overrule appellant’s first issue on appeal.

II.        Did the trial
court err when it overruled appellant’s objection to the State’s rebuttal
argument during the punishment phase of the trial?

            After
the jury found appellant guilty, the trial proceeded to the punishment phase.  During
appellant’s punishment phase argument, appellant spent much of his time
discussing probation, appellant’s eligibility for probation, potential
conditions of probation, and that, aside from the sexual assault for which he
had just been found guilty, argued appellant was a “giving, good, hard worker,
an honest person, good heart, good family man.”

The State then proceeded
to give its rebuttal argument.  The State asked the jury for justice and said
“I don’t have a beef with the law.  I completely agree with the law.  You know,
defense counsel made a big huge deal about this victim being on probation for
damaging property.  Now, that is a probation case when you damage some
property.”  At this point, the appellant objected that the State had gone
outside the record.  The trial court did not rule on appellant’s objection but
instructed the jury to disregard.  Appellant moved for a mistrial, which the
trial court denied.

            The
State then continued its argument by explaining probation is a form of trust
and asserted that appellant was not trustworthy because he had lied to the jury
under oath.  The State also pointed out appellant had abused the trust the
complainant had placed in him and had used that trust to take advantage of her. 
The State then asked for justice and that justice required that appellant go to
prison.  The State then commenced the specific argument at issue in appellant’s
second issue: “So, I’m not going to stand here and give you a number.  Like I
said, ya’ll are responsible, hard working, smart members of this community.  I
can tell you what it’s not, it’s not probation.”  Appellant then objected,
asserting the State was asking the jury not to consider what is provided by the
law.  The trial court overruled appellant’s objection.  The jury ultimately
sentenced appellant to two years’ confinement in the Institutional Division of
the Texas Department of Criminal Justice.

In his second issue on
appeal, appellant contends the trial court erred when it overruled his
objection that the prosecutor’s argument was improper as it contradicted the
court’s charge and instructions to the jury on probation.

A.        The standard of review and applicable
law.

The purpose of closing argument is to facilitate the
jury’s analysis of evidence presented at trial to arrive at a just and
reasonable conclusion based on the evidence alone and not on facts that were
not admitted into evidence.  Campbell v. State, 610 S.W.2d 754, 756
(Tex. Crim. App. [Panel Op.] 1980).  The four permissible areas of jury
argument are (1) summation of the evidence; (2) reasonable deductions drawn
from the evidence; (3) answer to opposing counsel’s argument; or (4) a plea for
law enforcement.  Jackson v. State, 17 S.W.3d 664, 673 (Tex. Crim. App.
2000).  Even when a jury argument exceeds these approved areas, it will not
constitute reversible error unless the argument is extreme or manifestly
improper, violative of a mandatory statute, or injects new facts harmful to the
accused into the trial proceeding.  Westbrook v. State, 29 S.W.3d 103,
115 (Tex. Crim. App. 2000).  When reviewing alleged error in jury argument, the
appellate court must analyze the statement in light of the entire argument and
not on isolated sentences.  Delarus v. State, 102 S.W.3d 388, 405 (Tex.
App.—Houston [14th Dist.] 2003, pet. ref.) (citing Drew v. State, 743
S.W.2d 207, 220 (Tex. Crim. App. 1987)).  The State is allowed wide latitude in
drawing inferences from the evidence as long as the inferences drawn are
reasonable and offered in good faith.  Cantu v. State, 939 S.W.2d 627,
633 (Tex. Crim. App. 1997).  In addition, a prosecutor may argue her opinion
concerning issues in the case so long as the opinion is based on the evidence
in the record and does not constitute unsworn testimony.  McKay v. State,
707 S.W.2d 23, 37 (Tex. Crim. App. 1985).

B.        The trial court did not err when it
overruled appellant’s objection to the State’s closing argument during the
punishment phase of the trial.

Having reviewed the entire record of the trial and
argument, we conclude the State’s argument did not contradict the charge and
the law on probation, but instead was a statement of the prosecutor’s personal
opinion that, in view of the evidence in the case, while probation was a
possible punishment, it was not appropriate in this case.  This is not improper
argument and therefore the trial court did not err when it overruled
appellant’s objection.  Id.  We overrule appellant’s second issue on
appeal.

 

Conclusion

            Having overruled
appellant’s issues on appeal, we affirm the trial court’s judgment. 

 

                                                                                    

                                                                        /s/        John
S. Anderson

                                                                                    Justice

 

 

 

Panel consists of Justices
Anderson, Boyce, and Mirabal.[1]

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1] Senior Justice Margaret
G. Mirabal sitting by assignment.