

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-16-00051-CR

ALLEN LEE POLK                                                    APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY
TRIAL COURT NO. 1422278D

----------

## MEMORANDUM OPINION[1]

----------

In one issue, Appellant Allen Polk appeals his conviction for theft of property with a value of less than $1,500.  *See* Act of June 20, 2015, 84th Leg., R.S., ch. 1251, § 10, 2015 Tex. Gen. Laws 4208, 4212 (amended 2015)(current version at Tex. Penal Code Ann. § 31.03(a), (e)(4)(D) (West Supp. 2016)).  We affirm.

---
[1]*See* Tex. R. App. P. 47.4.

## Background

On July 16, 2015, Officer Wesley Jackson of the Grand Prairie Police Department was dispatched to a Valero gas station near a Kroger grocery store[2] on a call reporting a disturbance and a suspect involved in a theft. The dispatcher described the suspect as a black male wearing a white shirt and red shorts. When Officer Jackson arrived at the Valero, two other police officers were already inside the gas station and one of the officers conveyed that there was a man in the bathroom fitting the description given by the dispatcher. Appellant subsequently exited the bathroom wearing red shorts and holding a white shirt and a plastic grocery bag in his hand.

Appellant told the officers that he was waiting for a ride and that he had found the grocery bag in a dumpster behind the nearby Kroger. When the officers asked Appellant what was in the bag, he opened it up revealing unopened packages of makeup inside the bag. Because Kroger inventory-control labels were still affixed to each of the makeup products, one of the officers, Roy Morin, took the bag to the Kroger store to inquire as to whether the makeup had been stolen. When Officer Morin arrived at Kroger, he spoke with the store manager, Evan Welsh, who confirmed that the makeup had come from Kroger. Officer Morin then watched a video recording from one of Kroger's

---

[2]Officer Jackson estimated that the Valero was 100 yards away from the Kroger.

surveillance cameras that depicted Appellant walking into Kroger earlier that day and then leaving without making any purchases.[3]

From this, the officers determined that the makeup had been stolen and arrested Appellant. Once Appellant was in custody and taken to the police department, Detective Jeff Erwin interviewed him.[4] Initially, Appellant said he did not remember going inside Kroger and reiterated that he had picked up the bag of makeup from the dumpster. Later in the video, Appellant confessed that he had walked down the makeup aisle, grabbed makeup, and put it in his pockets with a plan to resell it for cash later on the black market.

Welsh, the store manager, testified that Kroger does not throw away the type of merchandise that was recovered from Appellant. He also testified that, at the time it was stolen, the makeup taken by Appellant was still part of their "active inventory" to be sold, and that even if that makeup was discontinued or otherwise removed from sale, they would not dispose of it in the dumpster behind the store. Instead, the items would have been salvaged or donated.

During its initial closing argument, the State reminded the jury that

everybody that is accused in this country of a crime has a right to a jury trial, a right to an impartial jury of one's peers to look at the evidence and make sure that [the State does its] job and that

---

[3]Officer Morin admitted at trial that the surveillance video did not show Appellant putting any makeup in his pockets or in a bag. There were no surveillance cameras in the makeup department of the store.

[4]A video recording of the interview was admitted into evidence and played for the jury.

3

somebody is not convicted for something that they didn't do. But that's a right that someone has, to have this jury trial.

In his argument, Appellant's counsel argued that Appellant's confession was a false one, perhaps coerced by Detective Erwin, and was not voluntarily made. In rebuttal, the State reiterated, "Every individual is entitled to a jury trial, every single person. We hold these rights very dearly. If you want a jury trial, if you're accused of something and you want a jury trial, you get it." But the State later stated, "This is a man that's been previously convicted of two felony thefts. He ain't no rookie. And he told them, I did it. Now he wants a trial. Now he wants to walk in here and say it's a false confession, didn't mean it." At that point, Appellant's counsel objected on the basis that this was an improper comment on Appellant's invocation of his right to a jury trial. His objection was overruled.

The jury found Appellant guilty and sentenced him to seven years' confinement.

**Discussion**

In his sole issue, Appellant contends that the trial court erred in overruling his objection to the prosecutor's comment during closing argument. Appellant argues on appeal, as he did before the trial court, that this statement was an improper comment on Appellant's exercise of his right to a jury trial.

To be permissible, the State's jury argument must fall within one of the following four general areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or

4

(4) plea for law enforcement. *Felder v. State*, 848 S.W.2d 85, 94–95 (Tex. Crim. App. 1992), *cert. denied*, 510 U.S. 829 (1993); *Alejandro v. State*, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973). Arguments that suggest that a defendant should be punished or penalized for exercising his right to a trial by jury are impermissible. *Carlock v. State*, 8 S.W.3d 717, 724 (Tex. App.—Waco 1999, pet. ref'd).

The State argues that the prosecutor's statements were not improper but were made in response to Appellant's assertions that he had falsely confessed to Detective Erwin. Specifically, the State points to the following excerpt of Appellant's counsel's closing argument:

> And how do we know that the second half of the interview, confession is a made-up tale by Mr. Polk telling Officer Erwin what he wants to hear because he understands the system, and because he was promised that things would go easier on him if he did? He talks about candy bars and putting soap on a counter—or on the counter. Well, that's not in the video so we know that didn't happen. That's what tells you this is a made-up story that Mr. Polk made to satisfy him to help it go a little easier on him.
>
> At the end, what was the last question Mr. Polk asked? They got me on camera taking this makeup? Officer Erwin said, Yeah. Well, we know that's not true. You saw the video. That's just plainly not true. Not true.
>
> Why would somebody confess to something that they didn't do? Because he knows the system. He knows he's a black man, he's got prior thefts, he's in possession of now what he knows is stolen property that he got out of the Dumpster. He knows what's going to happen. He doesn't have a chance. So he tells the man what he wants to hear so it might go a little easier on him.

5

While the prosecutor's statements may straddle the line of permissible argument, they do not rise to the level of an improper comment in these circumstances. First, the State was entitled to respond to Appellant's arguments that his confession was false. *See Felder*, 848 S.W.2d at 94–95. Second, while the prosecutor touched upon Appellant's invocation of his right to a jury trial by saying, "Now he wants a trial," the prosecutor's argument stopped short of suggesting that he should be penalized for doing so. "When a comment is made by a prosecutor regarding a defendant's election to proceed with a jury trial, the concern of the court centers around whether the prosecutor had, in effect, asked the jury to punish or otherwise penalize the defendant for exercising his right to a trial by jury." *Carlock*, 8 S.W.3d at 724.

Perhaps the most commonly-cited example of a case in which a prosecutor's statements were found to have improperly commented on the defendant's exercise of his right to a jury trial is *Villarreal v. State*, 860 S.W.2d 647, 649 (Tex. App.—Waco 1993, no pet.). In *Villarreal*, a prosecution for aggravated sexual assault, the prosecutor stated during closing argument, "This man [the defendant] made a conscious decision to rape a ten-year-old child. But he didn't do it just once. He forced her to have to come into this courtroom in front of a bunch of strangers." *Id.* In that case, the Waco court held that the prosecutor's comments implied that the defendant should be penalized for exercising his right to a jury trial by "equat[ing] the fulfillment of [the responsibility to testify as a witness] with being subject to [a] rape," describing that argument

6

as "the type of argument that should be considered extreme and manifestly improper and thus so inflammatory that its prejudicial effect could not reasonably be removed from the minds of the jurors by the instruction given." *Id.* Thus, the court held that the trial court had erred in denying the defendant's motion for mistrial, and the trial court's judgment as to punishment was reversed. *Id.* Similarly, in *Wages v. State*, 703 S.W.2d 736, 741 (Tex. App.—Houston [14th Dist.] 1985, pet. dism'd), the prosecutor's statements to the jury were held to be improper when he stated, "You didn't ask to spend four days down here at the courthouse this week. You didn't get a subpoena to come down and be a juror. I didn't ask to be here. The judge didn't ask to be here. [The defendant] has brought us all here today and for the last four days."

Comparatively, in the case of *Head v. State*, No. 03-10-00414-CR, 2013 WL 1831576, at *7 (Tex. App.—Austin Apr. 24, 2013, no pet.) (mem. op., not designated for publication), the prosecutor's statements regarding a witness's decision to plead guilty to related charges and not "mak[e] someone go through a jury trial" were not improper because they were made in rebuttal to the defendant's argument that the witness could not be trusted because he had received some sort of deal in exchange for testifying.

In the context present here, the prosecutor's statements did not constitute an improper comment on Appellant's exercise of his right to a jury trial. Appellant's counsel argued that Appellant's confession to Officer Erwin was a false confession, made only in the hope that Officer Erwin would take it easy on

him.  The State was permitted to respond to that argument and did so when the prosecutor simply argued that Appellant had confessed and then changed his story at trial.  We therefore overrule Appellant's sole issue on appeal.

## Conclusion

Having overruled Appellant's sole issue, we affirm the judgment of the trial court.


/s/ Bonnie Sudderth
BONNIE SUDDERTH
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  November 3, 2016

8