Treyveon Marcelle PIPKIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–09–00018–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 4, 2010.

Rehearing En Banc Overruled Jan. 13, 2011.

66

Treyveon Marcelle Pipkin, Brazoria, pro se.

Michael A. McEnrue, Houston, for appellant.

Donald W. Rogers, Jr., Houston, for state.

Panel consists of Justices FROST, BOYCE, and SULLIVAN.

## SUBSTITUTE OPINION [1]

KEM THOMPSON FROST, Justice.

Appellant Treyveon Marcelle Pipkin, a juvenile certified to stand trial as an adult, appeals his conviction for aggravated robbery with a deadly weapon. Appellant claims that the juvenile court erred in failing to consider a complete diagnostic study when certifying appellant to stand trial as an adult. Appellant also claims the juvenile court reversibly erred in allowing appellant's counsel to waive psychiatric and psychological examinations ordered by the juvenile court because the purported waiver reflected in the record did not comply with the requirements of section 51.09 of the Texas Family Code. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The State filed a petition in juvenile court, alleging that appellant, who was fifteen years old at the time, had engaged in delinquent conduct. According to the petition, appellant committed aggravated robbery with a deadly weapon. The State later sought to amend its petition and moved the juvenile court to waive its jurisdiction and certify appellant to stand trial as an adult in criminal district court pursu-

1. Appellant's motion for rehearing is denied. This court's memorandum opinion of August 3, 2010, is withdrawn and this substitute opinion is issued in its place.

ant to section 54.02 of the Texas Family Code.[2]

The juvenile court granted the State's motion for a certification hearing. By written order dated April 16, 2008, the juvenile court ordered that a "complete diagnostic study, social evaluation, and full investigation" be conducted on appellant, his circumstances, and the circumstances surrounding the offense. The juvenile court ordered the chief juvenile probation officer to present the study at the certification hearing. The State filed a motion requesting the juvenile court to order a complete psychiatric and psychological examination of appellant. The record contains an order dated April 23, 2008, in which the juvenile court granted the State's motion requesting a psychiatric and psychological evaluation.[3]

At the certification hearing, the juvenile court took judicial notice of the contents of appellant's case file. The State sought to tender five State's exhibits into evidence. Appellant's counsel responded, "Your Honor, I think I have had an opportunity to examine these documents, and I have no objection." The juvenile court admitted the exhibits. One of the exhibits was a three-page report, entitled "Juvenile Probation Certification Report," that was compiled by a juvenile probation officer. Attached to the report were copies of appellant's birth certificate, social security card, and results of a physical examination. As relevant to our review, a section of the report, entitled "Testing/Physical Examination," contains the following two sentences pertaining to psychological and psychiatric evaluations:

Certification Psychological Evaluation was waived on April 23, 2008[,] by the juvenile's attorney, Daniel Kundiger.

Certification Psychiatric Evaluation was waived on April 23, 2008[,] by the juvenile's attorney, Daniel Kundiger.

The State presented testimony from a single witness, a police officer, who testified without objection about his investigation of the charged offense. According to the officer's testimony, appellant entered a retail store, displayed a handgun, demanded money from an employee, and fled with $2,517.57. Officers located appellant after the incident with assistance from witnesses. Officers recovered a bag containing $2,517.57 and the handgun from a location where appellant had discarded the items. The officer testified that appellant gave a written statement to the magistrate in which appellant admitted committing the offense and admitted purchasing the handgun one month before the offense. Officers learned that appellant had been documented in police records as being affiliated with a criminal street gang. Appellant's mother and grandfather testified, requesting that the juvenile court refuse to certify appellant as an adult.

By written order, the juvenile court waived its jurisdiction and certified appellant to stand trial as an adult. The juvenile court's order is set forth in relevant part:

On the 7th of May 2008, a hearing was held in the above styled and numbered cause number under section 54.02 of the Family Code, on the issue of waiver of jurisdiction. Prior thereto the Court

2. TEX. FAM.CODE ANN. § 54.02 (West 2009) (governing waiver of exclusive original jurisdiction by juvenile court and discretionary transfer to a criminal court).

3. Although the State refers to a second order dated April 23, 2008, which the State claims purportedly conflicts with the order directing a psychological or psychiatric evaluation, this second purported order is not included in the appellate record and cannot be considered by this court.

had ordered and obtained a diagnostic study, social evaluation, a full investigation of the child, HIS circumstances, and the circumstances of the alleged AGGRAVATED ROBBERY/DEADLY WEAPON....

The juvenile court found, "[a]fter full investigation," that appellant is charged with the felony offense of aggravated robbery with a deadly weapon. The juvenile court found that appellant was fourteen years or older at the time of the offense and found probable cause to believe that appellant committed the alleged offense. The juvenile court transferred appellant's case to the criminal district court, noting the serious nature of the offense and the welfare of the community. In making its determination, the juvenile court considered the following factors: the alleged offense was committed against a person, appellant's sophistication and maturity, the record and appellant's previous history, the adequate protection of the public, and the likelihood of rehabilitation by resources available to the juvenile court.

Appellant was charged by indictment with the felony offense of aggravated robbery. In the district court, appellant waived his constitutional rights and judicially confessed to committing the charged offense without an agreed recommendation as to punishment. The district court found appellant guilty of the charged offense. After a pre-sentence investigation, the district court assessed punishment at twenty years' confinement.

## II. ANALYSIS

■ In appellant's first issue, he claims the juvenile court failed to consider a complete diagnostic study as required by section 54.02(d) of the Texas Family Code[4] because the diagnostic study presented to the juvenile court did not contain the psychological and psychiatric evaluations previously ordered by the juvenile court. Appellant also asserts that because the diagnostic report did not include the psychological and psychiatric evaluations ordered by the juvenile court, a full investigation of his circumstances was not made.

■ A juvenile court may waive its exclusive original jurisdiction and transfer a juvenile to a criminal district court for criminal proceedings if (1) the child is alleged to have committed a felony, (2) the child meets one of two age requirements, and (3) after a full investigation and hearing, the juvenile court determines that probable cause exists to believe the juvenile committed the alleged offense and that the community's welfare requires criminal proceedings because of the serious nature of the offense or the child's background. *See* TEX. FAM.CODE ANN. § 54.02(a) (West 2009). Section 54.02(d) of the Texas Family Code requires that prior to a transfer hearing, a "juvenile court shall order and obtain a complete diagnostic study, social evaluation, and full investigation of the child, his circumstances, and the circumstances of the alleged offense." *Id.* § 54.02(d). A juvenile may test the fullness of an investigation. *See Turner v. State*, 796 S.W.2d 492, 497 (Tex.App.-Dallas 1990, no writ). However, whether a diagnostic study is complete is a determination for the juvenile court. *In re J.S.C.*, 875 S.W.2d 325, 329 (Tex.App.-Corpus Christi 1994, writ dism'd by agr.). A juvenile court's ruling on the completeness of a diagnostic report will not be overturned absent a showing of abuse of discretion. *Id.*

■ Appellant did not raise this objection at the certification hearing, and,

---

**4.** Unless otherwise specified, all references to a "section" will be to the Texas Family Code.

therefore, appellant has not preserved error on this issue. *See* TEX.R.APP. P. 33.1(a); *see also McBride v. State*, 655 S.W.2d 280, 284 (Tex.App.-Houston [14th Dist.] 1983, no writ) (overruling appellant's complaint of alleged deprivation of due process at a transfer hearing because it was raised for the first time on appeal); *In re I.B.*, 619 S.W.2d 584, 586 (Tex.Civ.App.-Amarillo 1981, no writ) (providing that juvenile court at transfer hearing did not err in overruling juvenile's objections pertaining to the fullness of an investigation). An appeal of transfer from a juvenile court to a criminal court is a criminal matter governed by the Texas Code of Criminal Procedure and the Texas Rules of Appellate Procedure. TEX.CODE CRIM. PROC. ANN. art. 44.47(c) (West 2006). To preserve a complaint for appellate review, a party must make a timely request, objection, or motion with sufficient specificity to apprise the trial court of the complaint and to afford the trial court an opportunity to rule on the objection. TEX.R.APP. P. 33.1(a); *Saldano v. State*, 70 S.W.3d 873, 886–87 (Tex.Crim.App.2002). Requiring a party to make a complaint to the trial court by specific, timely objection, request, or motion as a prerequisite to presenting a complaint for appellate review ensures the trial court will have an opportunity to prevent or correct errors. *Gillenwaters v. State*, 205 S.W.3d 534, 537 (Tex.Crim.App. 2006). In this case, had an objection been raised regarding the completeness of the diagnostic study, possible corrective action could have included ordering a subsequent psychological evaluation. *See In re R.L.H.*, 646 S.W.2d 499, 502 (Tex.App.-Houston [1st Dist.] 1982, no writ) (concluding trial court had authority to reopen hearing and order a second psychological evaluation when the trial court lacked confidence in the psychologist who conducted an evaluation). But appellant did not voice any objection to the completeness of the

diagnostic study as tendered and admitted in the transfer hearing. *See In re I.B.*, 619 S.W.2d at 586 ("The juvenile can, of course, test the fullness of the investigation made. If tested, the matter of the completeness of the investigation is one for initial determination by the trial court which ordered it."). Appellant has not cited and we have not found any place in the appellate record showing that appellant raised this issue in the juvenile court or in the district court. With few exceptions not applicable to the case under review, even constitutional complaints may be waived by the failure to raise a timely objection in the lower court. *See Saldano*, 70 S.W.3d at 886–89. Based on the record before this court, appellant has not preserved error on this issue. *See* TEX.R.APP. P. 33.1(a). Accordingly, we overrule appellant's first issue.

In his second issue, appellant points to the two sentences in the probation officer's report indicating that appellant's attorney waived psychological and psychiatric evaluation prior to the certification hearing. According to appellant, his trial counsel's waiver to the evaluations was not effective under section 51.09, and, accordingly, without the psychological and psychiatric evaluations, the diagnostic study was not complete under section 54.02(d).

Section 51.09, entitled "Waiver of Rights," provides:

Unless a contrary intent clearly appears elsewhere in this title, any right granted to a child by this title or by the constitution or laws of this state or the United States may be waived in proceedings under this title if:

(1) the waiver is made by the child and the attorney for the child;

(2) the child and the attorney waiving the right are informed of and under-

stand the right and the possible consequences of waiving it;

(3) the waiver is voluntary; and

(4) the waiver is made in writing or in court proceedings that are recorded.

TEX. FAM.CODE ANN. § 51.09 (West 2009). Absent an effective waiver, a juvenile may be subjected to treatment as an adult only if the mandatory requirements in section 54.02 have been met. *R.E.M. v. State*, 532 S.W.2d 645, 648 (Tex.Civ.App.-San Antonio 1975, writ ref'd n.r.e.). But, neither section 54.02 nor any other statute expressly provide that a psychological or psychiatric evaluation is a "right granted to a child" as contemplated by section 51.09 for effective waiver. *See* TEX. FAM.CODE ANN. § 51.09.

■ A "complete diagnostic study," as required under section 54.02(d) has not been defined. *See In re B.T.*, 323 S.W.3d 158, 161–62 (Tex.2010). "Typically, the certification report includes a psychiatric report, a psychological report, and a report by a probation department caseworker." *In re J.S.C.*, 875 S.W.2d 325, 326–27 (Tex. App.-Corpus Christi 1994, writ dism'd). However, section 54.02(d) does not necessarily require a psychological or psychiatric evaluation to render a diagnostic study complete.[5] *See L.M. v. State*, 618 S.W.2d 808, 811 (Tex.App.-Houston [1st Dist.] 1981, writ ref'd n.r.e.) (involving a diagnostic report in which psychological tests of a juvenile were not attached to diagnostic report and no psychiatric examination was conducted); *I—L— v. State*, 577 S.W.2d 375, 376 (Tex.Civ.App.-Austin 1979, writ ref'd n.r.e.) (upholding judgment ordering transfer of juvenile to stand trial as adult even though no psychological examination

was made). Instead, a court considers the qualitative content of a diagnostic study rather than a "mere quantitative 'checklist'" of included items. *B.T.*, 323 S.W.3d at 161–62 (quoting *L.M.*, 618 S.W.2d at 811–12).

Because a psychological or psychiatric evaluation is not a "right granted to a child by this title or by the constitution or laws of this state or the United States," any waiver of such evaluations does not fall within the purview of section 51.09. *See* TEX. FAM.CODE ANN. § 51.09. On this basis, waiver by appellant's attorney at the transfer hearing was not governed by section 51.09 and need not have complied with the requirements of section 51.09. *See id.* Therefore, we overrule appellant's second issue.

The judgment of the trial court is affirmed.

---

**5.** Likewise, a trial court does not abuse its discretion in failing to consider psychological or psychiatric evaluations in connection with a diagnostic study if a juvenile's attorney opposes the evaluations. *See R.E.M. v. State*, 541 S.W.2d 841, 845 (Tex.Civ.App.-San Antonio 1976) (indicating a juvenile still may be certified to stand trial as an adult despite attorney's efforts to actively thwart compliance with section 54.02(d) or juvenile's refusal to cooperate).