**Opinion issued July 12, 2012.**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NOS. 01-07-00332-CR**
**01-07-00333-CR**

———————————

**JOHN RAINEY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 351st District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1077995 & 1077996**

---

**MEMORANDUM OPINION**

After the juvenile court waived jurisdiction[1]

---

[1]     *See* TEX. FAM. CODE ANN. § 54.02 (Vernon 2009).

and appellant was certified to stand trial as an adult, appellant, John Rainey, pleaded guilty to aggravated robbery[2] and aggravated kidnapping.[3] After a presentence investigation, the trial court found appellant guilty and assessed punishment at 25 years' confinement. In his sole point of error, appellant contends that he received ineffective assistance of counsel at the juvenile certification hearing. We affirm.

## BACKGROUND

After appellant was charged with aggravated robbery and aggravated kidnapping, the State filed a motion in the juvenile court requesting that it waive its jurisdiction and certify appellant to stand trial in criminal district court as an adult. *See* TEX. FAM. CODE ANN. § 54.02.

The juvenile court held a hearing on the state's motion, at which a Certification Investigation Report was entered into evidence. Relevant to the issues presented in this appeal, a section of the report provided as follows:

> **PSYCHIATRIC EVALUATION:**
> On June 22, 2006, John's defense attorney, Mr. Oliver Sprott, specifically requested that no psychiatric testing be conducted.
>
> **PSYCHOLOGICAL EVALUATION:**
> On June 22, 2006, John's defense attorney, Mr. Oliver Sprott, specifically requested that no psychological testing be conducted.

---

[2] *See* TEX. PENAL CODE ANN. § 29.03 (Vernon 2011).

[3] *See* TEX. PENAL CODE ANN. § 20.04 (Vernon 2011)

After the hearing, the juvenile court granted the State's motion and signed an Order to Waive Jurisdiction, in which the court stated that "Prior [to the certification hearing] the Court had ordered and obtained a diagnostic study, social evaluation, a full investigation of the child, his circumstances, and the circumstances of the alleged offense[.]"

## INEFFECTIVE ASSISTANCE OF COUNSEL AT CERTIFICATION HEARING

In his sole issue on appeal, appellant contends that his juvenile counsel rendered ineffective assistance of counsel at the certification hearing. Specifically, appellant argues that by waiving the psychiatric and psychological examinations, juvenile counsel prevented the trial court from obtaining the information required for a "complete diagnostic study" as required by section 54.02(d) of the Family Code. Appellant argues that the presentence investigation shows that appellant "has a long history of mental illness,"[4] which should have

---

[4] The presentence investigation contains the following paragraph regarding appellant's mental health:

> The defendant reported good physical health. The defendant has been diagnosed through MRMRA in the jail with Major Depressive Disorder, recurrent, with Psychotic Features. The defendant is currently taking 20 mg of Lexapro, 150 mg of Elavil and 200 mg of Seroquel. The defendant reported he went to a psychiatrist when he was ten or eleven and he was put on Seroquel. The defendant

been presented to the juvenile court before the certification hearing.

*Law Applicable to Certification Hearings*

A juvenile court may waive its exclusive original jurisdiction and transfer a juvenile to a criminal district court for criminal proceedings if  (1) the child is alleged to have committed a felony; (2) the child meets one of two age requirements; and (3) after a full investigation and hearing, the juvenile court determines that probable cause exists to believe the juvenile committed the alleged offense and that the community's welfare requires criminal proceedings because of the serious nature of the offense or the child's background.  *See* TEX. FAM. CODE ANN. § 54.02(a) (Vernon 2009). Section 54.02(d) of the Texas Family Code requires that prior to a transfer hearing, a "juvenile court shall order and obtain a complete diagnostic study, social evaluation, and full investigation of the child, his circumstances, and the circumstances of the alleged offense." *Id.* §54.02(d).

A "complete diagnostic study," as required under section 54.02(d), has not been defined. *See In re B.T.*, 323 S.W.3d 158, 161–62 (Tex. 2010). "Typically, the certification report includes a psychiatric report, a psychological report, and a report by a probation department caseworker." *In re J.S.C.*, 875 S.W.2d 325,

---

advised when he is under pressure he has auditory and visual hallucinations.  The defendant's mother stated she took him to a psychiatrist and he was treated for depression.

4

326–27 (Tex. App.—Corpus Christi 1994, writ dism'd). However, section 54.02(d) does not necessarily require a psychological or psychiatric evaluation to render a diagnostic

study complete. *See L.M. v. State*, 618 S.W.2d 808, 811 (Tex. App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.) (involving a diagnostic report in which psychological tests of a juvenile were not attached to diagnostic report and no psychiatric examination was conducted); *I—L— v. State*, 577 S.W.2d 375, 376 (Tex. Civ. App.—Austin 1979, writ ref'd n.r.e.) (upholding judgment ordering transfer of juvenile to stand trial as adult even though no psychological examination was made). Instead, a court considers the qualitative content of a diagnostic study rather than a "mere quantitative 'check-list'" of included items. *B.T.*, 323 S.W.3d at 161–62 (quoting *L.M.*, 618 S.W.2d at 811–12).

Here, appellant did not object to absence of any psychiatric or psychological examination; thus, that issue is waived. *See Pipkin v. State*, 329 S.W.3d 65, 69 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) (holding error not preserved when appellant's juvenile counsel waived psychological and psychiatric examinations). However, appellant does not argue that the trial court erred by certifying him to stand trial without first conducting a psychiatric or psychological examination as part of its complete diagnostic study; instead, he argues that his

juvenile counsel was ineffective for waiving the psychological and psychiatric examinations. We also note that juvenile counsel can waive psychological and psychiatric examinations without complying with the waiver requirements set forth in TEX. FAM. CODE ANN. § 51.09 (Vernon 2009). *See id.* at 70. In this case, we address whether juvenile counsel's decision to do so in this case resulted in ineffective assistance of counsel.

### Standard of Review

In order to prove an ineffective assistance of counsel claim, appellant must show that his trial counsel's performance fell below an objective standard of reasonableness and, but for counsel's unprofessional error, there is a reasonable probability that the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694, 104 S. Ct. 2052, 2064, 2068 (1984); *Andrews v. State*, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005). A reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. In reviewing counsel's performance, we look to the totality of the representation to determine the effectiveness of counsel, indulging a strong presumption that his performance falls within the wide range of reasonable professional assistance or trial strategy.

*Robertson v. State*, 187 S.W.3d 475, 482–83 (Tex. Crim. App. 2006); *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). A failure to make a showing under either prong defeats a claim of ineffective assistance. *Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003).

Allegations of ineffectiveness must be firmly founded in the record. *See Bone v. State*, 77 S.W.3d 828, 833 & n.13 (Tex. Crim. App. 2002). When the record is silent, we may not speculate to find trial counsel ineffective. *Gamble v. State*, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.). In the absence of evidence of counsel's reasons for the challenged conduct, an appellate court commonly will assume a strategic motivation, if any can possibly be imagined, and will not conclude the challenged conduct constituted deficient performance unless the conduct was so outrageous that no competent attorney would have engaged in it. *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).

*Analysis*

Here, appellant did not file a motion for new trial, and there is nothing in the record to show why juvenile counsel decided to waive psychological and psychiatric testing. The State points out that "this Court may reasonably assume [that] juvenile counsel had legitimate strategic purposes in avoiding the testing

7

such as keeping appellant from confessing the specifics of his participation in the offense, showing some propensity to commit further violence, having him caught in additional inaccuracies or inconsistencies, or evidence that his claims of a predating mental illness would not be validated or verified." The record also shows that appellant's co-defendant, who was represented by a different attorney at the certification hearing, also chose to waive psychological and psychiatric testing.

On this record, appellant has failed to meet his burden to rebut the presumption that counsel's actions were reasonably professional and were motivated by sound trial strategy. *See Garcia,* 57 S.W.3d at 440; *Rylander,* 101 S.W.3d at 110.

Because appellant has failed to meet the first prong of the *Strickland* test, we need not address the issue of prejudice under prong two. *Rylander*, 101 S.W.3d at 110. Accordingly, we overrule appellant's sole point of error.

## CONCLUSION

We affirm the judgments of the trial court.

Sherry Radack
Chief Justice

8

Panel consists of Chief Justice Radack and Justices Jennings and Keyes.

Do not publish.    TEX. R. APP. P. 47.2(b).