PD-0288-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 3/19/2015 9:28:11 AM
Accepted 3/19/2015 10:23:47 AM
ABEL ACOSTA
CLERK

PD No. _____

# IN THE COURT OF CRIMINAL APPEALS
## AT AUSTIN, TEXAS

| | | |
|---|---|---|
| **JEFFREY DEE STEADMAN,** | § | |
| **Appellant** | § | |
| | § | **CAUSE NO. 11-13-00034-CR** |
| **v.** | § | **TRIAL COURT NO. 8299-D** |
| | § | |
| **THE STATE OF TEXAS,** | § | |
| **Appellee** | § | |

---

## PETITION FOR DISCRETIONARY REVIEW
## FROM THE ELEVENTH COURT OF APPEALS
## AT EASTLAND, TEXAS

---

## CHIEF JUSTICE J. WRIGHT, PRESIDING

---

## PETITION OF PETITIONER (APPELLANT)

---

FILED IN
COURT OF CRIMINAL APPEALS

March 19, 2015

ABEL ACOSTA, CLERK

**COPELAND LAW FIRM**
**P.O. Box 399**
**Cedar Park, Texas 78613**
**Tel. 512-897-8196**
**Fax. 512-215-8144**
**Email:  tcopeland14@yahoo.com**

**TIM COPELAND**
**State Bar No. 04801500**
**Attorney for Appellant**

# TABLE OF CONTENTS

**Page**

**Table of Contents** *i*

**Index of Authorities** *ii,iii*

**Identities of Trial Court and Parties** 1

**Statement Regarding Oral Argument** 3

**Statement of the Case** 4

**Statement of the Procedural History of the Case** 4

**Ground of Review** 5

The trial court erred when, on re-trial of an aggravated sexual assault of a child case and over objection, it allowed the state to argue that appellant had, in his first trial, "put' his victims "through a trial", had "called them liars in front of a jury, and made them get up…" . (R.R. 3, pp. 81-82). The Court of Appeals compounded the trial court's error when it concluded that the impermissible argument was merely a reasonable inference drawn from the record. *See*, ***Villarreal v. State***, 860 S.W.2d 647, 649 (Tex. App. – Waco 1993, *no pet*.)

**Summary of the Argument** 5

**Background** 5

**Statement of Pertinent Evidence** 6

**Court of Appeals' Decision** 8

**Argument** 8

**Prayer** 15

**Certificate of Service and Compliance with Rule 9** 16

# INDEX OF AUTHORITIES

**Authorities**                                                     **Page**

## United States Supreme Court Cases

*Spevack v. Klein*                                                       **9**
    385 U.S. 511, 515 (1967)

## Texas Court of Criminal Appeals' cases

*Alejandro v. State*                                                    **11**
    493 S.W. 230 (Tex. Crim. App. 1973)

*Franklin v. State*                                                      **9**
    576 S.W.2d 621 (Tex. Crim. App. 1978)

*Gipson v. State*                                                       **10**
    844 S.W.2d 738, 740-41 (Tex. Crim. App. 1992)

*Juarez v. State*                                                       **10**
    439 S.W.2d 346, 347 (Tex. Crim. App. 1969)

*Lane, Ex parte*                                                        **14**
    303 S.W.3d 702 (Tex. Crim. App. 2009)

## Texas Court of Appeals' cases

*Carter v. State*                                                       **10**
    No. 01-98-00556-CR, 1999 WL 517130,
    (Tex. App. Houston [1st Dist.] July 22, 1999, *pet. ref'd*)

*Carlock v. State*                                                       **9**
    8 S.W.3d 717 (Tex. App. – Waco 1999, *pet. ref'd*)

*Chaouachi v. State*                                                     **8**
    870 S.W.2d 88 (Tex. App. – San Antonio 1993, no pet.)

*Steadman v. State*                                                      **6**
    329 S.W.3d 66 (Tex. App. – Eastland 2010) *reversed* by
    360 S.W.3d 499 (Tex. Crim. App. 2012)

# INDEX OF AUTHORITIES, continued

**Authorities**                                                    **Page**

## Texas Court of Appeals cases, continued

***Stroble v. State***                                                **13**
2011 WL 1631812 (Tex. App. – Houston
[1ˢᵗ Dist] *pet. ref'd* 2011)

***Villarreal v. State***
**5,11,12,14,15**
860 S.W.2d 647 (Tex. App. – Waco 1993, *no pet.*)

***Wages v. State***                                               **11,12**
703 S.W.2d 636 (Tex. App. – Houston [14ᵗʰ Dist.] 1986,
*pet. dism'd improvidently granted*, 770 S.W.2d 779
(Tex. Crim. App. 1987)

***Washington v. State***                                            **11**
822 S.W.2d 110, 117-121 (Tex. App. – Waco 1991),
*rev'd on other grounds*, 856 S.W.2d 184 (Tex. Crim. App. 1993)

## Statutes

**TEX. PENAL CODE ANN.  §22.021(a) (2) (B)(West Supp. 2014)  4**

**TEX. CODE CRIM. PROC. arts. 1.05 and 1.12(West 2112)      9**

**Tex. R. App. Proc. 44.2 (West 2012)                    10,12**

## Constitutions

**U.S. Constitution - Sixth Amendment                       6,8**
**U.S. Constitution – Fourteenth Amendment                    9**

**TEX. CONST. Art. I, §10                                      9**

**IN THE COURT OF CRIMINAL APPEALS
AT AUSTIN, TEXAS**

| | | |
|---|---|---|
| **JEFFREY DEE STEADMAN,** | § | |
| **Appellant** | § | |
| | § | **CAUSE NO. 11-13-00034-CR** |
| **v.** | § | **TRIAL COURT NO. 8299-D** |
| | § | |
| **THE STATE OF TEXAS,** | § | |
| **Appellee** | § | |

**IDENTITY OF TRIAL COURT AND PARTIES**

**TO THE HONORABLE COURT OF APPEALS:**

**NOW COMES** Jeffrey Dee Steadman, appellant herein, who would show the trial court and interested parties herein are as follows:

**HON. THOMAS WHEELER**, Judge Presiding, 350th District Court, Taylor County, Texas, 300 Oak St., Ste. 404, Abilene, Texas 79602.

**JEFFREY DEE STEADMAN,** appellant, TDCJ No. 1498601, Byrd Unit, 21 FM 247, Huntsville, Texas 77320.

**LARRY ROBERTSON**, trial attorney for appellant, P.O. Box 889, Abilene, Texas, 79604.

**TIM COPELAND**, appellate attorney for appellant, P.O. Box 399, Cedar Park, Texas 78613.

**DAN JOINER AND PATRICIA DYER**, Taylor County Asst. District Attorneys, trial and appellate attorneys respectively for appellee, the State of Texas, 300 Oak St., Ste. 300, Abilene, Texas 79604.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant believes the clarity of the issue in this cause is such that oral argument would add nothing.

**IN THE COURT OF CRIMINAL APPEALS
AT AUSTIN, TEXAS**

| | | |
|---|---|---|
| **JEFFREY DEE STEADMAN,** | § | |
| **Appellant** | § | |
| | § | **CAUSE NO. 11-13-00034-CR** |
| **v.** | § | **TRIAL COURT NO. 8299-D** |
| | § | |
| **THE STATE OF TEXAS,** | § | |
| **Appellee** | § | |

**STATEMENT OF THE CASE**

On November 2, 2012, Jeffrey Dee Steadman entered an open plea of guilty to the first degree felony offense of aggravated sexual assault of a child. (R.R. 2, p. 5) and *see* **TEX. PENAL CODE ANN. §22.021(a) (2) (B)(West Supp. 2014)**. The trial court assessed punishment at forty-five years' confinement in the Texas Department of Criminal Justice's Institutional Division. (R.R. 3, p. 86).

**STATEMENT OF THE PROCEDURAL HISTORY OF THE CASE**

The Eleventh Court of Appeals at Eastland, Texas, by Memorandum Opinion dated February 19, 2015, affirmed Steadman's conviction and sentence. A copy of that opinion is hereto attached as if fully incorporated herein at length.

## GROUND FOR REVIEW

The trial court erred when, on re-trial of an aggravated sexual assault of a child case and over objection, it allowed the state to argue that appellant had, in his first trial, "put" his victims "through a trial", had "called them liars in front of a jury, and made them get up…". (R.R. 3, pp. 81-82). The Court of Appeals compounded the trial court's error when it concluded that the impermissible argument was merely a reasonable inference drawn from the record. *See*, ***Villarreal v. State***, 860 S.W.2d 647, 649 (Tex. App. – Waco 1993, *no pet*.).

## SUMMARY OF THE ARGUMENT

The state argued that appellant had "forced" his victims to trial and called them "liars" by his election to have a jury determine his guilt or innocence in a previous trial. The Court of Appeals erred when it concluded that argument, made during his second trial after remand, was merely a reasonable inference derived from the evidence. Rather, with that argument, the state impermissibly commented on appellant's constitutional right to a jury trial.

## BACKGROUND

In 2010, in a single jury trial, the appellant was convicted of three counts of aggravated sexual assault of a child and two counts of indecency with a child. The jury assessed punishment at three life sentences for the aggravated assault

convictions, two twenty-year sentences for the indecency convictions, and a $10,000.00 fine for each conviction. On appeal from that judgment, Steadman argued that the trial court erred in excluding four members of his family from the courtroom during jury selection in violation of his **Sixth Amendment** right to a public trial. In a published opinion, the Eleventh Court of Appeals disagreed, affirming Steadman's convictions. On his petition for discretionary review from the Eleventh Court of Appeals, the Texas Court of Criminal Appeals reversed and remanded. [1] This appeal results from that remand.

### STATEMENT OF PERTINENT EVIDENCE

Here, Steadman entered an open plea of guilty to the first count of his indictment which alleged aggravated sexual assault of a child, a first degree felony. (R.R. 2, p. 5). In exchange for that plea, the state agreed to waive the remaining counts and to "cap" Steadman's potential sentence upon a finding of guilt at 45 years' imprisonment. (R.R. 2, pp. 10-11).

During the punishment phase in this, his second trial, Steadman testified that he was a changed man and that he had decided some time in 2006 to "take responsibility for his actions." (R.R. 3, p. 68). The state asked him why he did not plead guilty in trial the first time. "Why . . . put the children . . . through trial?"

_____

[1] **Steadman v. State**, 329 S.W.3d 66 (Tex. App. – Eastland 2010) *reversed* by 360 S.W.3d 499 (Tex. Crim. App. 2012) (No. PD-1356-10).

(R.R. 3, p. 68). Then, in punishment argument the state expounded on his answers

to those questions, and the following exchange occurred:

> MR. JOINER for the State: So he has not accepted responsibility. His back and forth, well, in '06 that all changed but in '08 I wasn't prepared at that point to take responsibility so I put them through a trial, by extension we called them liars in front of a jury, we made them get up, we made –

> MR. ROBERTSON: Your Honor, we'd object to that. That's not what we did. We did not testify at trial. We didn't call them liars at all. We put the State to the burden which is the requirement of the Constitution of the United States and the Constitution of the State of Texas.

> THE COURT: I will allow the State to make reasonable inferences. The Court will decide whether or not those inferences are justified.

> MR. ROBERTSON: Note our objection to that. And if the Court does consider that argument, we would object to it in violation of our constitutional right to a fair trial and to the facts.

> THE COURT: The Court notes the objection, does not look at that as a denial. But the Court notes the –

> MR. JOINER: What he said was – I'm sorry, Judge.

> THE COURT: Go ahead.

> MR. JOINER: What he said, Judge, was: I didn't do this, and I'm going to make you get up here and say you did –

> MR. ROBERTSON: Your Honor, we would object to that. That's not what –

MR. JOINER: Your Honor, this is closing argument. I can make an inference from the facts.

THE COURT: The Court looks at it as a reasonable inference regarding the circumstance and nothing to do with the client's decision to testify or not testify. The Court will hear the argument and determine whether it's appropriate or not.

MR. ROBERTSON: Well, the only – make sure that the Court understands that I'm arguing that when a person pleads not guilty, he's not telling the Judge or the jury that anybody is lying; he's just putting the State to the burden of proof, and the State's argument, if the Court considers that –

THE COURT: That is the Court's understanding, too, Mr. Robertson.

– (R.R. 3, pp. 81-82).

## COURT OF APPEALS' DECISION

The Court of Appeals concluded that the complained of state's argument constituted a "reasonable inference from the evidence." Accordingly, the trial court did not err in overruling Steadman's objection to the prosecutor's argument. (*Slip op.* at 4).

## ARGUMENT

"The Fourteenth Amendment to the United States Constitution guarantees a right to trial by jury in all criminal cases that, were they to be tried in a federal court, would come within the Sixth Amendment's guarantees." ***Chaouachi v. State***, 870 S.W.2d 88, 90 (Tex. App. – San Antonio 1993, no pet.); *see also* **U.S.**

**CONST. Amend. VI** ("[I]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial.") **Article I, section 10 of the Texas Constitution** guarantees the right to trial by jury in criminal prosecutions. *Chaouachi*, 870 S.W.2d at 90; *see* also **TEX. CONST. Art. I, §10**; **TEX. CODE CRIM. PROC. arts. 1.05** and **1.12 (West 2012);** *Franklin v. State*, 576 S.W.2d 621, 623 (Tex. Crim. App. 1978) ("**Article I, §10 of the State Constitution**, provides that in all criminal prosecutions the accused shall have a speedy public trial by an impartial jury.") It is impermissible to impose a penalty for the exercise of a constitutional right. *See Villarreal v. State*, 860 S.W.2d 647, 649 (Tex. App. − Waco 1993, *no pet*.) (right to jury trial guaranteed under **Sixth and Fourteenth Amendments**; prosecutor's comments about defendant's forcing victim to testify [by virtue of proceeding to trial] were improper because penalty cannot be imposed for exercise of constitutional right); *see also Spevack v. Klein*, 385 U.S. 511, 515 (1967) (penalty cannot be imposed for exercise of a constitutional right). "When a comment is made by a prosecutor regarding a defendant's election to proceed with a jury trial, the concern on the court centers around whether the prosecutor had, in effect, asked the jury to punish or otherwise penalize the defendant for exercising his right to a trial by jury." *Carlock v. State*, 8 S.W.3d 717, 724 (Tex. App. − Waco 1999, *pet. ref'd*); *and see Carter v. State*, No. 01-98-00556-CR, 1999 WL

517130, at *6 (Tex. App. Houston [1st Dist.] July 22, 1999, *pet. ref'd*) (not designated for publication).

This was a bench trial. It was once presumed in bench trials that the trial court did not consider improper argument or inadmissible evidence. ***Juarez v. State***, 439 S.W.2d 346, 347 (Tex. Crim. App. 1969). Although it did not mention the former presumption, the Texas Court of Criminal Appeals expressly overruled the latter. ***Gipson v. State***, 844 S.W.2d 738, 740-41 (Tex. Crim. App. 1992). Specifically, the court stated, "The promulgation of **Rule 81(b) (2)** implicitly voided the presumption test, and we now expressly do so." *Id*. at 741. **Rule 81(b)** stated, "If the appellate record in a criminal case reveals error in the proceedings below, the appellate court shall reverse the judgment under review, unless the appellate court determines beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment." *Id*. at 740.

The current harm rule, **Rule 44.2** ("Reversible Error in Criminal Cases"), is similar to former **Rule 81(b) (2)** and states,

> (a) Constitutional Error. If the appellate record in a criminal case reveals constitutional error that is subject to harmless error review, the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment.

(b) Other Errors. Any other error, defect, irregularity, or variance  that does not affect substantial rights must be disregarded.

**– Tex. R. App. Proc. 44.2**
**(West 2012)**

Steadman had every right to invoke his right to a jury trial in the first trial  of this cause. That the prosecutor in his re-trial made reference to  Steadman's exercise of that right in a way calculated to place blame on him for exercising  the right constitutes error. *See Alejandro v. State*, 493 S.W. 230, (Tex. Crim. App. 1973).[2] Here, the state placed blame when it accused him of "putting children through a trial" and by extension "call(ing) them liars in front of a jury. . . ." (R.R. 3, p. 81). In fact, the state's argument in this case is analogous to that found impermissible in *Wages v. State*, 703 S.W.2d 636, 740 (Tex. App. – Houston [14th Dist.] 1986, *pet. dism'd improvidently granted*, 770 S.W.2d 779 (Tex. Crim. App. 1987), where the appellate court characterized the prosecutor as having argued "that the only reason the jury had to come to court for four days was because the appellant insisted on a trial." The argument is also like that made by the state in *Villarreal*, 860 S.W.2d at 649, where the prosecutor argued, "This man [Villarreal]

---

[2] Proper jury argument must fall within one of the following categories: (1) a summation of the evidence, (2) a reasonable deduction from the evidence, (3) an answer to argument of opposing counsel, or (4) a plea for law  enforcement. *Alejandro* at 231. All other arguments are improper. *Washington v. State*, 822 S.W.2d 110, 117-121 (Tex. App. – Waco 1991), *rev'd on other grounds*, 856 S.W.2d 184 (Tex. Crim. App. 1993).

made a conscious decision to rape a ten-year-old   child.   But he didn't do it  just once.   He forced her to have to come into this courtroom in front of a bunch of strangers." Clearly, the state's argument in this case was, like those in *Wages*  and *Villarreal*, an improper comment on Steadman's exercise of his right to a jury trial.

When the court overrules an objection to improper argument, error results, and a harm analysis must proceed under **Rule 44.2**. **TEX. R. APP. P. 44.2  (West 2012)**; *Villarreal*, 806 S.W.2d at 648.

In this case, Steadman entered a plea of guilty to the offense of aggravated sexual assault of a child. Evidence adduced at trial indicated he was also guilty of a similar offense with that first victim's sister. (*See e.g.*, testimony of "Pseua", a pseudonym, at R.R. 3, pp. 25-30). In light of the egregious nature of the  offenses charged then, it might seem that a 45 year prison sentence seems mid-range for a first degree felony of the nature of aggravated sexual assault. However, the  state had agreed to cap Steadman's potential punishment on re-trial at the 45-year level. Thus, the trial court's assessment of punishment here was, in fact, the maximum allowed in his case. While Steadman's charged offense was egregious, he was, nevertheless, eligible for deferred adjudication community supervision.

In an unpublished opinion addressing, in part, harm caused appellant by improper argument, the Court of Appeals in Houston's 1st District wrote that its

confidence that the trial court would not have imposed a lesser sentence but for an improper argument was not undermined. ***Stroble v. State***, 2011 WL 1631812 (Tex. App. – Houston [1ˢᵗ Dist] *pet. ref'd* 2011). In large part, the Court said its decision in that case was based on the fact that appellant had failed to complete community supervision, and had it revoked in a prior case of indecency. That finding suggests that whether community supervision is available to the court in its assessment of punishment may be a factor to be considered in deciding whether harm occurred as the result of prejudicial argument. Moreover, in this case, by the time of his second trial, Steadman had already sought help and counseling after his first conviction in an attempt to understand, treat and prevent a reoccurrence of a similar offense. (R.R. 3, p. 8). He testified, without rebuttal, that he had sought counseling on his own upon his first entry into prison. (R.R. 3, p. 7). Upon reversal and remand of his case and his return to Taylor County Jail in 2012, he testified that he bonded out, immediately sought counseling through the VA on his release from jail, and that he continued his efforts to secure counseling on his own up until re-trial of his case in 2013. (R.R. 3, pp. 10-11).[3]

Finally, the nature of the state's argument itself supports a conclusion that, on reviewing the record as a whole, there is a reasonable probability – *i.e.*, a

---

[3] In fact, prior to his hearing on punishment, Steadman had sought a continuance for the purpose of securing treatment by yet another referred clinician. (R.R. 3, pp. 7-12).

Petition for Discretionary Review
*Jeffrey Dee Steadman v. The State of Texas*
Cause No. 11-13-00034-CR                                                                  13

probability sufficient to undermine confidence in the outcome – that the trial court would have imposed a lesser sentence but for the state's improper argument. *See Ex parte Lane*, 303 S.W.3d 702, 712 (Tex. Crim. App. 2009). Here, the state argued that "but for" Steadman's decision to exercise his right to a jury trial, the victims in his case would not have been "put through a trial" or called "liars in front of a jury. . . ." (R.R. 3, p. 81). Also, according to the state, before the argument was cut short by objection, by exercising his right to a jury trial, Steadman essentially told his victims, "I didn't do this, and I'm going to make you [victims] get up here and say you did —." (R.R. 3, p. 81). In *Villarreal*, during closing argument, the prosecutor stated, "This man [Villarreal] made a conscious decision to rape a ten-year old child. But he didn't do it just once. He forced her to come into this courtroom in front of a bunch of strangers —." At that point defense counsel, as in this case, objected. 80 S.W.2d at 649. The appeals court wrote, in reversing the judgment of the trial court and remanding for new trial on punishment, that:

> Testifying as a witness is the responsibility of every citizen, regardless of the odious nature of the evidence. To equate the fulfillment of this responsibility with being subject to rape is the type of argument that should be considered extreme and manifestly improper and thus so inflammatory that its prejudicial effect could not reasonably be removed from the minds of the jurors by the instruction given.

--*id.* at 649.

If the prejudicial effect of the offending argument could not be removed from the mind of a jury by instruction as was the case in *Villarreal*, it follows that it was probably not removed from the mind of the fact-finder in this case. In fact, this fact- finder ruled essentially the same argument was merely a reasonable inference from the facts. (R.R. 3, p. 82).

In reviewing the entire record in this case, there is evidence that Steadman's punishment was probably negatively affected by the state's argument, and confidence that the trial court would not have imposed a lesser sentence but for the state's argument is undermined. For those reasons, this Court should reverse the judgment of the Court of Appeals and remand to the trial court for a new punishment hearing consistent with its findings herein.

## PRAYER

**WHEREFORE**, Jeffrey Dee Steadman prays that this Court reverse the judgment of the appellate court and remand for a new punishment hearing and for such other orders as it finds just and appropriate in keeping with its findings herein.

**COPELAND LAW FIRM**
P.O. Box 399
Cedar Park, TX 78613

Phone:  512.897.8196
Fax:  512.215.8114
Email:  tcopeland14@yahoo.com

By: /s/Tim Copeland
    Tim Copeland
    State Bar No. 04801500
    Attorney for Appellant

## CERTIFICATE OF SERVICE AND OF COMPLIANCE WITH RULE 9

This is to certify that on March 16, 2015, a true and correct copy of the above and foregoing document was served on the State Prosecuting Attorney,  PO Box 12405, Capitol Station, Austin, TX 78711, and on James Eidson, Taylor County District Attorney, Attn: Patricia Dyer, Appellate Section, 300 Oak St., Ste. 300, Abilene, Texas 79602, in accordance with the *Texas Rules of Appellate Procedure*, and that this Petition for Discretionary Review is in compliance with Rule 9 of the *Texas Rules of Appellate Procedure* and that portion which must be included under Rule 9.4(i)(1) contains 2973 words.

/s/ Tim Copeland
    Tim Copeland

Petition for Discretionary Review
*Jeffrey Dee Steadman v. The State of Texas*
Cause No. 11-13-00034-CR    16



11TH COURT OF APPEALS

EASTLAND, TEXAS

JUDGMENT

Jeffrey Dee Steadman,                          *   From the 350th District
                                                   Court of Taylor County,
                                                   Trial Court No.  8299-D.

Vs. No.  11-13-00034-CR                         *   February 19, 2015

The State of Texas,                             *   Memorandum Opinion by Bailey, J.
                                                   (Panel consists of: Wright, C.J.,
                                                   Wilson, J., and Bailey, J.)

     This court has inspected the record in this cause and concludes that there is
no e1Tor in the judgment below. Therefore, in accordance with this court's
opinion, the judgment of the trial court is in all things affirmed.



In The

# ELEVENTH COURT OF APPEALS

---

No. 11-13-00034-CR

---

## JEFFREY DEE STEADMAN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

On Appeal from the 350th District Court

Taylor County, Texas

Trial Court Cause No. 8299-D

---

### MEMORANDUM OPINION

Jeffrey Dee Steadman entered an open plea of guilty to the offense of aggravated sexual assault of a child. TEX. PENAL CODE ANN. § 22.021(a)(2)(B) (West Supp. 2014). The trial court assessed his punishment at confinement for a telm of forty-five years in the Institutional Division of the Texas Department of Criminal Justice. Appellant challenges his sentence in a single issue. We affirm.

*Background Facts*

Appellant does not challenge the sufficiency of the evidence so we will discuss only those facts necessary to our disposition of this appeal. This case arises from a remand to the trial court from the Texas Court of Criminal Appeals. Appellant was previously convicted in a single jury trial of three counts of aggravated sexual assault of a child and two counts of indecency with a child. *Steadma v. State,* 360 S.W.3d 499, 499–500 (Tex. Crim. App. 2012). The Court of Criminal Appeals reversed Appellant's convictions after determining that his right to a public trial was violated, and it remanded the cause to the trial court for a new trial. *Id.* at 510-11. On remand, Appellant entered an open plea of guilty to a single count of aggravated sexual assault of a child. The State agreed to waive the remaining counts and to cap Appellant's potential sentence at imprisonment for forty-five years.

At the subsequent bench trial on punishment, Appellant testified that he decided in 2006 to take responsibility for his actions. However, he testified that he pleaded not guilty at his first trial in 2008 because he was in fear of his life. Appellant further testified that he "was wrong for denying the truth" by pleading not guilty during his first trial. Appellant testified that he was now ready to take responsibility for his actions. After hearing all of the evidence, the trial court sentenced Appellant to imprisonment for forty-five years.

*Analysis*

Appellant asse1is in his sole issue that the trial court e1Ted when it overruled his objection to the State's final argument on punishment. Appellant argues that the State impermissibly commented on him exercising his right to a jury trial. We review challenges to 1ulings on objections to improper closing argument for an abuse of discretion. *Garcia v. State,* 126 S.W.3d 921, 924 (Tex. Crim. App. 2004).

Appellant challenges the following argument made by the prosecutor at the end of the punishment hearing:

[PROSECUTOR]: So he has not accepted responsibility.

His back and forth about, well, in '06 that all changed but in '08 I wasn't prepared at that point to take responsibility so I put them through a trial, by extension we called them liars in front of a jury, we made them get up, we made --

[DEFENSE COUNSEL]: Your Honor, we'd object to that. That's not what we did. We did not testify at trial. We didn't call them liars at all. We put the State to the burden which is the requirement of the Constitution of the United States and the Constitution of the State of Texas.

THE COURT: I will allow the State to make reasonable inferences. The Court will decide whether or not those inferences are justified.

[DEFENSE COUNSEL]: Note our objection to that. And if the Court does consider that argument, we would object to it in violation of our constitutional right to a fair trial and to the facts.

THE COURT: The Court notes the objection, does not look at that as a denial. But the Court notes the --

[PROSECUTOR]: What he said was -- I'm sorry, Judge.

THE COURT: Go ahead.

[PROSECUTOR]: What he said, Judge, was: I didn't do this, and I'm going to make you get up here and say you did --

[DEFENSE COUNSEL]: Your Honor, we would object to that. That's not what --

[PROSECUTOR]: Your Honor, this is closing argument. I can make an inference from the facts.

3

THE COURT: The Court looks at it as a reasonable inference regarding the circumstance and nothing to do with the client's decision to testify or not testify. The Court will hear the argument and dete1mine whether it's appropriate or not.

[DEFENSE COUNSEL]: Well, the only -- make sure that the Court understands that I'm arguing that when a person pleads not guilty, he's not telling the Judge or the jury that anybody is lying; he's just putting the State to the burden of proof, and the State's argument, if the Court considers that --

THE COURT: That is the Court's understanding, too.

Proper jury argument generally falls within one of four general areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4) plea for law enforcement. *Brown v. State,* 270 S.vV.3d 564, 570 (Tex. Crim. App. 2008); *Esquivel v. State,* 180 S.W.3d 689, 692 (Tex. App.-Eastland 2005, no pet.). We conclude that the prosecutor's argument constituted a reasonable inference from the evidence. Appellant testified that he entered a plea of not guilty at the first trial, and he admitted that he knew he was guilty but did not want to take responsibility for his actions. [1] The prosecutor's argument tracked Appellant's trial testimony. Furthermore, it rebutted Appellant's claim that he took responsibility for his actions beginning in 2006. Counsel is allowed wide discretion in drawing inferences from the record that are reasonable, fair, legitimate, and offered in good faith. *Shannon v. State,* 942 S.W.2d 591, 597 (Tex. Crim. App. 1996). Accordingly, the trial court did not in in overruling Appellant's objection to the prosecutor's argument.

---

[1]This testimony was elicited during the prosecutor's cross-examination of Appellant, which occurred without objection.

Moreover, even if the trial court erred in overruling Appellant's objection, we conclude that the error did not constitute reversible error. Improper argument of this type is a non-constitutional error, which we disregard unless it affects Appellant's substantial rights. *See* TEX. R. APP. P. 44.2(b); *Freeman v. State,* 340 S.W.3d 717, 728 (Tex. Clim. App. 2011). To determine whether Appellant's substantial rights were affected, we balance the following factors: (1) the severity of the misconduct (prejudicial effect), (2) any curative measures, and (3) the certainty of punishment assessed absent the misconduct (likelihood of the same punishment being assessed). *See Hawkins v. State,* 135 S.W.3d 72, 77 (Tex. Crim.App. 2004).

In examining challenges to a jury argument, a court considers the remark in the context in which it appears. *Gaddis v. State,* 753 S.W.2d 396, 398 (Tex. Crim. App. 1988). As noted previously, the prosecutor's argument was very similar to Appellant's t1ial testimony. Furthermore, this was a bench trial. Unlike the situation of an extraneous, prejudicial matter being injected before a jury of laypersons, the trial court was likely well aware of the procedural history of the case. Additionally, the trial court stated it understood Appellant's objection, and it essentially advised the parties that it would not consider the prosecutor's argument for an improper purpose. The evidence presented at the punishment hearing was overwhelming. Three women testified about numerous acts of sexual assault and sexual contact that Appellant committed against them when they were children. Given the evidence of Appellant's egregious conduct, there is a great likelihood of the same punishment being assessed without the prosecutor's argument Accordingly, we overrule Appellant's sole issue.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY

JUSTICE


February 19, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Wilson, J., and Bailey, J.