Billy Earl **ANDERSON,** Appellant,

v.

The **STATE** of Texas, Appellee.

No. 10–87–010–CR.

Court of Appeals of Texas, Waco.

Dec. 31, 1987.

John C. Paschall, Spence and Paschall, Hearne, for appellant.

Jimmie McCullough, Dist. & Co. Atty., Franklin, for appellee.

HALL, Justice.

Appellant Billy Earl Anderson was indicted for the offense of delivery of the controlled substance cocaine. The indictment also alleged two prior felony convictions against appellant for enhancement of punishment. Pleading not guilty, appellant was found guilty by a jury. Punishment was assessed by the jury at confinement in the Texas Department of Corrections for forty-five years, after the jury found the allegations of the prior convictions to be "True."

Appellant seeks reversal on three points of error asserting that (1) the prosecuting attorney commented on his failure to testify during the punishment phase of his trial; (2) he was harmed by instructions to the jury on parole law; and (3) he was harmed by hearsay statements of an alleged co-conspirator allowed into evidence. We overrule these contentions and we affirm the conviction.

Appellant asserts in his first point of error that the following jury argument by the prosecutor at the punishment phase of the trial was a comment on appellant's constitutional and statutory rights to remain silent:

State's Exhibit Number 3, which you heard Mr. Kennedy tell you about that the fingerprints contained herein are the same fingerprints contained in State's Exhibit Number 4, which were the fingerprints of the Defendant, Billy Earl Anderson; that the judgments of convictions, that the sentences contained in State's Exhibit Number 3 are in fact those of the Defendant, Billy Earl Anderson. And you heard the plea when

you were read in the beginning of this punishment phase, he plead that they're not true. But you know beyond a reasonable doubt from testimony from this chair that it is true.

We have to bring in our fingerprint expert and show you yes, this man has been convicted. *He doesn't want to fess up. Not at all.* (Emphasis added).

Appellant's objection to the argument was overruled. Appellant complains about the emphasized portion of the argument and asserts that the comment was directed at the fact that he did not take the stand and admit his prior convictions. We disagree.

To be a prohibited comment on a defendant's failure to testify, the language used must be manifestly intended, or of such a character that the jury would naturally and necessarily take it to be a comment on the defendant's failure to testify. *Cook v. State*, 702 S.W.2d 597, 599 (Tex.Cr. App.1984).

We doubt the argument in question constituted a comment on appellant's failure to testify. The prosecutor was merely commenting on appellant's plea of "Not True" to his prior convictions in the enhancement paragraph, and the State's proof that the prior convictions were "True." In any event, even if the argument was improper, we have determined beyond a reasonable doubt that it did not contribute to the punishment assessed. See *Cook*, 702 S.W.2d at 600–01. The evidence of appellant's guilt was overwhelming. During the punishment phase, the State provided testimony from four witnesses establishing that appellant's reputation in the community for being a peaceable and law-abiding citizen was bad. Appellant had twice before been convicted of a forgery with intent to pass. From the first conviction he received a three-year prison term which was probated. The probation was revoked in June 1981. He was convicted again in May 1983, and received punishment of two years in the Texas Department of Corrections. The present offense was committed in January 1986. Finally, the jury was again instructed in the court's written charge to not consider the

fact that appellant elected to assert his privilege not to testify. Point one is overruled.

In point two, appellant asserts the trial court committed reversible error by submitting instructions to the jury over his objection on the law of parole under the provisions of article 37.07, section 4(a), Vernon's Ann.C.C.P.

By a six/three majority ruling, our Court of Criminal Appeals recently held that an instruction on the law of parole in the charge of the trial court to the jury given pursuant to the mandate in article 37.07 § 4(a), is unconstitutional. *Rose v. State*, (Tex.Cr.App., 11–12–87). However, the court did not hold that the giving of such instruction constituted reversible error, and the conviction of defendant Rose was affirmed by the Court even though the jury that assessed his punishment was instructed on the law of parole. Although all members of the majority opinion did not make a harm analysis under *Almanza v. State*, 686 S.W.2d 157 (Tex.Cr.App.1985), three did. Therefore, in our case we shall consider the jury instruction given in light of the harm analysis under *Almanza*, supra.

Where an error in the jury charge was the subject of a timely objection, then reversal is required if the error in light of the entire record is "calculated to injure the rights of defendant," which means no more than that there must be "some harm" to the accused from the error. If there was no objection, reversal is required only where the erroneous charge caused "egregious harm" to the defendant. *Almanza*, 686 S.W.2d at 171. In our case, appellant timely objected to the charge on the law of parole.

During the guilt/innocence phase, evidence was adduced that on the day of the offense in question Robert Wilkerson, a Narcotics Investigator with the Texas Department of Public Safety, met with informant Jeff Smith in a hotel room in the City of Hearne where they were soon joined by a subject of their investigation, Derrick Smith. Officer Wilkerson questioned Der-

rick Smith about the possible purchase of a quantity of cocaine. Derrick Smith told Wilkerson that he knew a person who could obtain the cocaine for him at a price of $100. Derrick Smith then left and returned a few minutes later with appellant. Appellant told Wilkerson he could furnish the cocaine but that he needed a ride to another location in Hearne. Wilkerson, Jeff Smith, Derrick Smith and appellant drove to a local club where Anderson and Derrick Smith left the vehicle. About five minutes later appellant returned, handed Wilkerson a packet of cocaine, and told him the cost would be $75. Wilkerson handed appellant Anderson a $100 bill. Anderson left, saying he would return with the change, but he never did return. Derrick Smith later told Wilkerson that appellant's name is Billy Earl Anderson.

During the punishment phase of the trial, the State introduced testimony through four witnesses that appellant's reputation in the community for being a peaceable and law-abiding citizen was bad. The State also established that appellant had been convicted of two prior felonies. Appellant produced the testimony of his mother and Reverend Cory Robertson as character witnesses. Reverend Robertson testified that appellant had attended church with him six of the last seven Sundays prior to the arrest for this offense, and that he felt that appellant should be given another chance. Appellant's mother testified that appellant suffered from mental problems due to a stroke which left him with partial brain damage; that she did not expect the jury to let him go; and that "if you try to scold him, he gets confused."

The court's charge to the jury at the punishment phase of the trial on the law of parole followed the charge mandated in section 4(a) of article 37.07, Vernon's Ann. C.C.P., including these cautionary instructions:

> It cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.

> You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.

During closing arguments at the punishment phase, the prosecutor informed the jury that they could now be informed on the law of parole. He gave an example demonstrating how a defendant might be paroled by serving the lesser of one-third of his sentence or twenty years. However, he also told the jury that "it's because you can not accurately predict how good conduct time will be assessed, you don't know actually how many days he's going to get, the charge says you can't consider exactly as to this defendant. But at least you know the existence of it is there and it exists as described in the charge." Thereafter the prosecutor did not again mention the parole laws or their effect.

Because the jury found both enhancement paragraphs to be true the punishment range for appellant was punishment at confinement in the Texas Department of Corrections for life or for any term of not more than 99 years or less than 25 years. V.T.C.A., Penal Code § 12.42(d). The prosecutor recommended ninety-nine years. The jury assessed punishment at 45 years. Based on the entire record, we hold appellant was not harmed by the parole charge. Appellant's second point of error is overruled.

■ Complaint is made in the final point of error that hearsay statements of Derrick Smith allowed into evidence violated appellant's Sixth Amendment right of confrontation of a witness. The State argues the statements were proper under Rule 801(e)(2)(E), Tex.Rules Crim.Evid. This rule provides that a statement offered against a party that was made by a co-conspirator of the party during the course and in furtherance of the conspiracy is not hearsay. Appellant's answer to this argument is that Rule 801(e)(2)(E) does not ap-

ply to the statements of Derrick Smith as related by Investigator Wilkerson because the State failed to show Derrick Smith was a co-conspirator or was unavailable to testify. We disagree.

Derrick Smith's statements to Officer Wilkerson were not admitted before the jury until the trial court had heard the testimony out of the hearing of the jury, as provided in Rule 104, Tex.Rules Crim.Evid., and had determined the preliminary question of admissibility as required by subdivision (a) of Rule 104. We believe the evidence heard by the court, substantially as set forth above, supported the finding of the court that Derrick Smith and appellant were in fact co-actors in the sale of the cocaine to Wilkerson. Thus appellant's hearsay objection was not good. Rule 801(e)(2)(E), Tex.Rules Crim.Evid.

Availability of the witness is not relevant here, since it is at issue only where the testimony is hearsay. Rules 803 and 804, Tex.Rules Crim.Evid. Moreover, appellate complaint on this ground was waived by appellant because he did not raise it by objection at the trial. Rule 103(a)(1), Tex. Rules Crim.Evid.

In any event, appellant's claim that Wilkerson's testimony about statements made by Derrick Smith denied appellant his right to be confronted by the witnesses against him, guaranteed by the Sixth and Fourteenth Amendments to the U.S. Constitution, is not well taken under the record. Appellant's main complaint is that allowing Wilkerson to testify that Derrick Smith told Wilkerson after the drug sale that appellant's name was Billy Earl Anderson resulted in a prejudicial "misidentification" of appellant and denied appellant confrontation. The record does not support this argument. Appellant's name was never an issue at the trial. Wilkerson identified appellant, physically, seated in the courtroom, as the person who sold and delivered the cocaine. He did not identify appellant merely by the name supplied by Derrick Smith. Appellant was accorded and effectively exercised by cross examination his right to confrontation on the issue of Wilkerson's identification of appellant as the person who, without regard to name, directly delivered the cocaine. There was no prejudicial denial of confrontation. See *Dutton v. Evans*, 400 U.S. 74, 91 S.Ct. 210, 219–20, 27 L.Ed.2d 213 (1970). The third point is overruled.

The judgment is affirmed.