# NO. 12-21-00226-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MARCUS LAMONT ALLEN, APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS, APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Marcus Lamont Allen appeals his conviction for felony assault family violence. In two issues, Appellant argues that the trial court abused its discretion in his trial on punishment by overruling his objection to a portion of the State's jury argument and in admitting two exhibits over his objection. We reverse and remand.

## BACKGROUND

Appellant was charged by indictment with felony assault family violence.[1] The indictment further alleged that Appellant previously was convicted of evading arrest with a vehicle. Appellant pleaded "not guilty" to the charge and pleaded "not true" to the jurisdictional enhancement of assault family violence under Texas Penal Code, Section 22.01(b)(2)(A). The matter proceeded to a jury trial. The jury found Appellant "guilty" as charged and the matter proceeded to a trial on punishment, at which Appellant pleaded "true" to the enhancement allegation of evading arrest with a vehicle. Following the presentation of evidence and argument of counsel, the jury assessed Appellant's punishment at imprisonment for twenty years. The trial court sentenced Appellant accordingly, and this appeal followed.

---

[1] *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(A) (West Supp. 2022).

In his first issue, Appellant argues that the trial court abused its discretion in his trial on punishment by overruling his objection to a portion of the State's jury argument because such argument amounted to a comment on his exercise of his right to a jury trial.

**Standard of Review and Governing Law**

We review the trial court's ruling on an objection to jury argument for abuse of discretion. *Smith v. State*, 483 S.W.3d 648, 657 (Tex. App.–Houston [14th Dist.] 2015, no pet.); *Nzewi v. State*, 359 S.W.3d 829, 841 (Tex. App.–Houston [14th Dist.] 2012, pet. ref'd). We analyze the argument in light of the entire record and not upon the argument's isolated occurrence. *See DeLarue v. State*, 102 S.W.3d 388, 405 (Tex. App.–Houston [14th Dist.] 2003, pet. ref'd). Proper jury argument (1) summarizes the evidence, (2) makes reasonable deductions from the evidence, (3) responds to arguments of opposing counsel, or (4) pleads for law enforcement. *See Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000). Even when an argument exceeds the permissible bounds of these approved areas, it will not constitute reversible error unless, in light of the record as a whole, it is extreme or manifestly improper, violates a mandatory statute, or injects new facts harmful to the accused into the trial proceeding. *Id.* The remarks must have been a willful and calculated effort on the part of the State to deprive appellant of a fair and impartial trial. *Id.*

**The Parties' Arguments**

In the guilt-innocence phase of trial, in its opening jury argument, the State argued, in pertinent part, as follows:

> You are also going to get to hear from a crime scene investigator, who is a specialist in fingerprints. You've just heard the defendant stand up and you heard the defendant tell you that the prior that I read in the indictment was not true. As I explained to y'all in voir dire yesterday, in order for an assault that's just an assault to be a felony, there has to be a prior. So by virtue of him pleading not true, you will hear from a crime scene detective who is going to tell you that he looked at the judgment and the sentence of that, he's compared it to documents that he has access to linked specifically to this defendant, and that he can definitively tell you it is one in the same, Marcus Allen, that has been convicted. I don't get to tell you why people do what they do, but I will tell you this, remember yesterday I told you no matter what the evidence is, no matter what the situation is, a defendant has an absolute right to trial. And they have an absolute right to do what they want to do at trial as long as it's within the law.

After the presentation of evidence, in its initial closing argument, the State asserted to the jury,

And, really, also your deliberation is kind of a mini two-step process, because not only are we talking about the events of May 17th of 2020, you've also got to find beyond a reasonable doubt that he was, in fact, convicted of family violence before. So what's the evidence to that? Well, you heard Travis Breazeale. He's got over 20 years as a peace officer and ten-plus years as a criminal specialist; testified to you about the fingerprint process and judgments and how you know. And in State's 2, you even have this prior judgment. And Investigator Breazeale told you how he rolled the defendant's fingerprints himself, confirmed that was Marcus Allen, confirmed some of the other specific identifiers.

This judgment doesn't have fingerprints, but he was able to match it to Marcus Allen through name, through birth date, through that PID number that he said matched another one that he reviewed that he confirmed that did have fingerprints. So you've heard definitive expert testimony that this, in fact, is the same man.

And that's important because that's what makes this a felony, right? Mr. Chamness explained it to you. If you commit assault family violence with a prior conviction of assault family violence, that's what makes it a felony.

In response, Appellant argued to the jury as follows:

It's just like the right to a jury trial. You have a right to a jury trial on every element of the case. The State will say -- get up here in opening statements and say, I don't know why they do the things they do, you know, trying to say, Well, he should have pled true to something -- you can't hold that against him because -- he did this, this is him. We're not arguing that. I'm not standing up here arguing for it or arguing that at all. But he has a right, a constitutional right that you said that you agreed you couldn't hold against him, right, to make the State prove each and every element of the case. This is one of them, right?

In its rebuttal argument, the State retorted,

[Appellant's counsel] wants to call her a liar. Let me tell you what. That guy right there (indicating) is an abusive coward. That's exactly who he is. He stood up in front of y'all, pled not guilty, which he can do, to an offense that he clearly committed. But then, just to show you how obstinate he is, he told you, I don't have a prior conviction either.

[Appellant's counsel] says, Well, that's his right. Sure is his right. He wants to waste your time and he wants to lie to you under oath, do it. But guess what? Paragraph 6, you *can* take that into account.[2]

(emphasis added). Appellant objected to the prosecuting attorney's argument on the ground that it sought to have the jury hold against Appellant his exercise of his right to a jury trial. The trial court overruled Appellant's objection. Ultimately, the jury assessed Appellant's punishment at the maximum term of imprisonment of twenty years.

---

[2] Paragraph 6 pertained to Appellant's election not to testify and instructed the jury that it could *not* hold that fact against Appellant in its deliberations.

**Discussion**

"The Fourteenth Amendment to the United States Constitution guarantees a right to trial by jury in all criminal cases that, were they to be tried in a federal court, would come within the Sixth Amendment's guarantees." *Eason v. State*, No. 05-10-01232-CR, 2012 WL 2444780, at *3 (Tex. App.–Dallas June 28, 2012, no pet.) (op., not designated for publication); *Chaouachi v. State*, 870 S.W.2d 88, 90 (Tex. App.–San Antonio 1993, no pet.); *see also* U.S. CONST. amend. VI ("[I]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial"). Article I, section 10 of the Texas Constitution guarantees the right to trial by jury in criminal prosecutions. *Chaouachi*, 870 S.W.2d at 90; *see also* TEX. CONST. art. I, § 10; TEX. CODE CRIM. PROC. ANN. arts. 1.05, 1.12 (West 2005); *Franklin v. State*, 576 S.W.2d 621, 623 (Tex. Crim. App. 1978). It is impermissible to impose a penalty for the exercise of a constitutional right. *See Villarreal v. State*, 860 S.W.2d 647, 649 (Tex. App.–Waco 1993, no pet.) (right to jury trial guaranteed under Sixth and Fourteenth Amendments; prosecutor's comments about defendant's forcing victim to testify [by virtue of proceeding to trial] were improper because penalty cannot be imposed for exercise of constitutional right).[3] "When a comment is made by a prosecutor regarding a defendant's election to proceed with a jury trial, the concern of the court centers around whether the prosecutor had, in effect, asked the jury to punish or otherwise penalize the defendant for exercising his right to a trial by jury." *Carlock v. State*, 8 S.W.3d 717, 724 (Tex. App.–Waco 1999, pet. ref'd).

**Propriety of the State's Jury Argument**

The State first argues that the prosecuting attorney's argument was not improper. In so doing, it relies on *Anderson v. State*, 742 S.W.2d 541, 542–43 (Tex. App.–Waco 1987), *vacated on other grounds*, 760 S.W.2d 262 (Tex. Crim. App. 1988). In *Anderson*, the prosecuting attorney stated that the defendant pleaded "not true" at the outset of the trial on punishment and that, as a result, the state had to call a fingerprint expert to prove up the conviction. *See id.* The State continued, "He doesn't want to fess up. Not at all." *Id.* at 543. The defendant objected that the prosecutor improperly commented on his failure to testify, and the trial court overruled his objection. *Id.* The court of appeals expressed doubt that the prosecutor's statement was a

---

[3] "It is improper for a prosecutor in argument to refer to a defendant's exercise of his right to a jury trial. This conclusion follows from the premise that it is impermissible to impose a penalty for the exercise of a constitutional right." *Carter v. State*, No. 01–98–00556–CR, 1999 WL 517130, at *6 (Tex. App.–Houston [1st Dist.] July 22, 1999, pet. ref'd) (op., not designated for publication); *see also Eason v. State*, No. 05-10-01232-CR, 2012 WL 2444780, at *3 (Tex. App.–Dallas June 28, 2012, no pet.) (op., not designated for publication).

comment on the appellant's failure to testify before proceeding to resolve the issue by conducting a harm analysis. *See id.* We are not persuaded that this expression of doubt renders ***Anderson*** sufficiently analogous to permit us to hold that the prosecuting attorney's comments here are appropriate in the face of Appellant's comparatively distinct objection that they amounted to an improper comment on his exercise of his right to a jury trial.

In the instant case, the State first raised the matter of Appellant's decision to plead "not true" to the jurisdictional enhancement in its opening argument to the jury during the guilt-innocence phase of trial. It did so in a way that, while not overtly critical of Appellant's decision, certainly was capable of raising the question in the jurors' minds that Appellant may have had reasons for doing so apart from his exercise of his constitutional rights, which rights the prosecutor emphasized to the jury. In its initial closing argument, the State made no reference to Appellant's decision to plead "not true" to the jurisdictional enhancement allegation. In Appellant's closing argument, he paraphrased the prosecuting attorney's statement from his opening argument, "I don't get to tell you why people do what they do," and reminded the jury that it cannot hold Appellant's decision to exercise his constitutional right to a jury trial against him and that the State must prove each element of its case.

In rebuttal, the State called Appellant an "abusive coward" and noted that Appellant pleaded "not guilty" to an offense "he clearly committed." And although the prosecutor acknowledged that Appellant had a right to a jury trial, he persisted, couching Appellant's underlying intent for his plea of "true" as obstinance, by stating "he told you I don't have a prior conviction either." And while the prosecuting attorney followed this statement by agreeing with defense counsel that Appellant has a right to a jury trial, we note that such a statement rings hollow since, on its heels, the prosecutor attributed to Appellant, an underlying intent of wanting to waste the jurors' time and lie under oath to them.[4] Lastly, we cannot overlook that the prosecuting attorney immediately followed these accusations of Appellant's ill intent with a reference to Paragraph 6 of the court's charge on punishment to preface his statement to the jury, "you can take that into account." And though the record reveals that Paragraph 6 instructs the jury about Appellant's privilege not to testify, which it *cannot* take into consideration for any purpose, rather than his exercise of his right to a jury trial, the apparent implication of this

---

[4] Appellant elected not to testify in either phase of his trial. So the only statement to which the prosecutor's statement that Appellant wants to "lie" to the jury could apply is his plea of "not true" to the jurisdictional enhancement allegation.

statement is that the jury "can" and should hold Appellant's decision to plead "not true" against him.

Based on the foregoing, we conclude that the prosecuting attorney improperly commented on Appellant's exercise of his right to a jury trial, and in so doing, sought to compel the jury to punish or otherwise penalize Appellant for exercising this right by suggesting to the jury that he exercised his right for the purpose of wasting the jury's time and his general dishonesty. *See Villarreal*, 860 S.W.2d at 649 (prosecutor argued defendant forced victim to come to courtroom to testify in front of a bunch of strangers); *Wages v. State*, 703 S.W.2d 736, 740 (Tex. App.–Houston [14th Dist.] 1986), *pet. dism'd improvidently granted*, 770 S.W.2d 779 (Tex. Crim. App. 1987) (prosecutor's argument was that the reason jury had to come to court for four days was because defendant insisted on trial); *see also Eason*, 2012 WL 2444780, at *4 (if prosecutor made reference to defendant's exercising his right to jury trial in way calculated to place blame upon defendant for exercising that right, such would constitute error).

## Invited Argument

The State next argues that if the prosecutor's comments were impermissible, the trial court did not abuse its discretion in overruling Appellant's objection because Appellant "invited" the State's argument. Under the invited argument rule, a defendant cannot complain of improper prosecutorial argument if he invited the argument. *Watts v. State*, 371 S.W.3d 448, 458 (Tex. App.–Houston [14th Dist.] 2012, no pet.) (citing *Ripkowski v. State*, 61 S.W.3d 378, 393 (Tex. Crim. App. 2001)). If the defendant's counsel goes outside the record in his argument, the prosecutor is also permitted to go outside the record to respond as long as the response is within the scope of the invitation. *Watts*, 371 S.W.3d at 458.

Here, Appellant's statement in his closing argument was made in direct response to the State's opening argument made during guilt-innocence. Appellant paraphrased the State's comments and emphasized to the jury that his right to a trial by jury could not be held against him. In rebuttal, the prosecutor not only responded to Appellant's argument but greatly escalated the matter by his comments, in which he attributed malevolent intent to Appellant for exercising his constitutional right to a jury trial. We disagree with the State that its excessive rebuttal to Appellant's response to a matter it first raised was invited by Appellant. *See id.* Therefore, we hold that the trial court abused its discretion in overruling Appellant's objection to the State's jury argument.

6

**Constitutional Harm**

Having concluded that the trial court abused its discretion in overruling Appellant's objection, we now consider whether Appellant was harmed by the trial court's ruling. Because the error at hand implicates Appellant's rights under the United States and Texas constitutions, we review the error pursuant to Texas Rule of Appellate Procedure 44.2(a). *See* TEX. R. APP. P. 44.2(a).

Constitutional error is harmful unless a reviewing court determines beyond a reasonable doubt that the error did not contribute to the conviction. *Id.* At the outset of its review, the court of appeals presumes reversal of constitutional error is required. *See Morris v. State*, 554 S.W.3d 98, 124 (Tex. App.–El Paso 2018, pet. ref'd). The State has the burden, as beneficiary of the error, to prove that the error is harmless beyond a reasonable doubt. *Haggard v. State*, 612 S.W.3d 318, 328 (Tex. Crim. App. 2020) (citing *Deck v. Missouri*, 544 U.S. 622, 635, 125 S. Ct. 2007, 2015, 161 L. Ed. 2d 953 (2005)). Thus, unlike nonconstitutional error under Rule 44.2(b), the State is required to come forward with reasons why the appellate court should find constitutional error harmless. *See Lamb v. State*, 603 S.W.3d 152, 162 n.16 (Tex. App.–Texarkana 2020, no pet.); *Merritt v. State*, 982 S.W.2d 634, 636 (Tex. App.–Houston [1st Dist.] 1998, pet. ref'd, untimely filed).

In *Lamb*, the state did not brief the issue of whether constitutional error was harmful. *See Lamb*, 603 S.W.3d at 162 n.16. The court noted that for it independently to review the evidence in the conduct of harm analysis under Rule 42.2(a) when the state offered nothing to meet its burden would undermine the notion that the state bore the burden of proof on the issue. *See id.* (noting that "[Under Rule 44.2(a),] the 'default' is to reverse unless harmlessness is shown. Thus, if neither party does anything, the case will be reversed. This requires the State to come forward with reasons why the appellate court should find the error harmless"). The court further opined that conducting a harm analysis in absence of the issue's having been briefed by the state improperly would place it in the position of being an advocate for the state. *See id.* (citing *Meyer v. State*, 310 S.W.3d 24, 26 (Tex. App.–Texarkana 2010, no pet.) ("[T]his Court does not act on behalf of the State. We do not, and cannot, create arguments for parties—we are neither the appellant's nor the appellee's advocate")). As a result, the court in *Lamb* declined to conduct an independent constitutional harm analysis in the absence of any briefing by the state asserting harmless error. *See Lamb*, 603 S.W.3d at 162 n.16.

7

Here, in its brief, the State argued only that the statements made during the prosecutor's jury argument were not improper or, alternatively, that the argument was invited. However, the State declined to address, either in the alternative or in response to Appellant's thorough briefing on the issue of harm, why such error alleged by Appellant, who received the maximum sentence under the law, is harmless. *See id*. Therefore, because the State bore the burden of proof and made no attempt to meet its burden, we are left with the presumption that reversal of this constitutional error is required. *See **Haggard***, 612 S.W.3d at 328; ***Lamb***, 603 S.W.3d at 162 n.16.; ***Merrit***, 982 S.W.2d at 636; *see also **Morris***, 554 S.W.3d at 124. Appellant's first issue is sustained.[5]

## DISPOSITION

Having sustained Appellant's first issue, we ***reverse*** the trial court's judgment and ***remand*** the cause for a new trial on punishment.

**BRIAN HOYLE**
Justice

Opinion delivered October 21, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[5] Because we have sustained Appellant's first issue, we do not consider his second issue regarding the trial court's overruling his objection to two exhibits admitted in his trial on punishment. *See* TEX. R. APP. P. 47.1.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 21, 2022**

**NO. 12-21-00226-CR**

**MARCUS LAMONT ALLEN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st District Court
of Smith County, Texas (Tr.Ct.No. 241-1932-20)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, because it is the opinion of this Court that there was error in judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this Court that the judgment be **reversed** and the cause **remanded** to the trial court **for a new trial on punishment** in accordance with the opinion of this Court; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*